Jones, J.
 

 We conclude that, in at least some circumstances, an apartment house doorman may be "a person of suitable age and discretion at the actual * * * dwelling place” of a tenant in the apartment house to whom a summons may properly be delivered for the purposes of alternative service under CPLR 308 (subd 2).
 

 In this case copies of the summons and complaint were delivered to the Sheriff of the City of New York for personal service on each of defendants, husband and wife. On Tuesday, September 24, 1974, a Deputy Sheriff went to the apartment house at 220 West 93rd Street, Manhattan, in which defendants resided. It appears that he was permitted entry and made his way to defendants’ apartment, No. 4A. On receiving no response, he left a card inviting defendants to communicate with him. On Thursday, September 26, he returned, again was permitted entry and on receiving no response left his card under the door of defendants’ apartment for the second time. When he went back to the apartment house on Monday, September 30, he was greeted by the doorman. He identified himself and inquired about defendants. After informing the Deputy Sheriff that defendants had received his message, the doorman would not permit him to go up to defendants’ apart
 
 *796
 
 ment. The deputy then handed the doorman two copies of the summons and complaint, one set for each defendant. On returning to his office the deputy also mailed copies to each defendant at 220 West 93rd Street.
 

 On the basis of a report of a special referee made after a hearing, Special Term denied defendants’ motion to set aside the service. On appeal the Appellate Division reversed, on the law, granted the motion and dismissed the complaint. We conclude that it cannot be said as a matter of law that the service was invalid as not in conformity with the requirements of CPLR 308 (subd 2), and accordingly we reverse.
 

 Inasmuch as Special Term confirmed the referee’s report and its findings of fact were not disturbed at the Appellate Division, we must take them as established for the purposes of the present appeal (CPLR 5612, subd [a]; cf. CPLR 5712, subd [c], par 1).
 
 *
 
 We reject defendants’ contention that in the fact-finding process they were denied due process of law because, as they assert, .the referee imputed "total credibility to the Deputy Sheriffs testimony merely because he is a salaried sworn public official”. The referee articulated three grounds for crediting the testimony of the Deputy Sheriff rather than that of defendants and their witness, the doorman, only one of which was the deputy’s status as a public official. The other two grounds were that the deputy was a disinterested witness (as defendants’ witnesses were not) and that his oral testimony at the hearing was consistent with the contents of his certificates of service. We perceive no basis on which the referee’s determination with respect to the credibility of the witnesses who appeared before him should be set aside as a matter of law.
 

 Assuming the facts as found by the referee, we turn to consideration of the two issues of substance urged by defendants—that the doorman was not "a person of suitable age and discretion” and that delivery of the papers to the doorman in the lobby of the apartment house was not "at the actual * * * dwelling place” of defendants. Again we reject defendants’ contentions.
 

 At the outset we note that the provisions of the Civil Practice Law and Rules with respect to personal service were significantly recast with the amendment of section 308, effec
 
 *797
 
 tive September 1, 1970 (L 1970, ch 852). In that year the Judicial Conference sponsored the insertion of new subdivision 2. Prior to that time delivery of the summons to a person other than the defendant himself (except to an agent designated for service) was impermissible unless, after diligent efforts, personal delivery could not be made to the defendant. The prior provisions had thus authorized substituted service but not alternative service. The new type of alternative service was carefully defined, had to be accompanied by mailing to the person to be served, and required strict proof of service. Because of the 1970 amendment any consideration of whether due diligence was or was not used in an effort to make delivery to these defendants in person is irrelevant.
 

 We conclude that it cannot be said as a matter of láw that the doorman was not "a person of suitable age and discretion” within the contemplation of subdivision 2 of section 308. There is nothing in this record to suggest, nor indeed do defendants claim, that the duties of this particular doorman were other than those of the regular apartment house doorman—to screen callers, to announce visitors and to accept messages and packages for delivery to the tenants. Moreover, here the referee found explicitly that this doorman had functioned as a responsible communicator; he had informed the Deputy Sheriff that defendants had received the latter’s message. The source of this information must have been the defendants themselves. There is nothing to defendants’ claim that to be "a person of suitable age and discretion” the particular individual must have "a family relationship” with the defendant. Nor is there any other basis for setting aside, as a matter of law, the determination of the referee that this doorman came within the contemplation of CPLR 308 (subd 2) as "a person of suitable age and discretion”. (Cf. 1 Weinstein-Korn-Miller, NY Civ Prac, par 308.13.)
 

 We also conclude that it cannot be held as a matter of law that delivery of the papers in the lobby of the apartment house in the circumstances disclosed here was not delivery "at the actual dwelling place” of defendants. It is not disputed that defendants resided in apartment No. 4A. In our analysis if a process server is not permitted to proceed to the actual apartment by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server’s progress is arrested. In this instance that location was the lobby of the
 
 *798
 
 apartment house. While it would probably be sufficient for purposes of the statute if the defendant were a tenant in an apartment house in which, as a matter of practice, the doorman was under instructions not to admit callers without the consent of the tenants, in this case the inference was available to the referee that having been admitted on the 24th and 26th, when the Deputy Sheriff was barred by the doorman on the 30th, it was at the specific direction of others. At least it cannot be held as a matter of law on this record that the action of the doorman in refusing permission to the Deputy Sheriff to proceed to apartment 4A was not attributable for purposes of this statute to defendants.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to that court for a review of the facts (CPLR 5613).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed, with costs, and the case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.
 

 *
 

 We note that the parties stipulated to dispense with a transcript of the hearing before the referee.