OPINION OF THE COURT
Herman Cahn, J.
Are the public stairways and halls in an apartment house the tenant’s "dwelling place or * * * abode” for the purpose of alternative service of process, pursuant to CPLR 308 (subd 2)? Plaintiff here argues that they are, analogizing this case to that of duPont, Glore Forgan & Co. v Chen (41 NY2d 794). The court thinks and finds that they are not, and grants the motion to dismiss as to the moving defendant.
At the hearing on the traverse, the process server testified that as he was ascending the stairs to defendant Digna Cañuelas’ apartment, he met a woman going down the stairs. Upon being questioned, she said her name was Mrs. Rodriguez, and *242 was a "cotenant” of the moving defendant. The process server thereupon gave a copy of the summons and complaint to "Mrs. Rodriguez”, and mailed another copy to defendant Digna Cañuelas.
Defendant Digna Cañuelas testified that no one outside her immediate family occupied the apartment in which she lives, and that she does not know any other tenant in the building with the name "Rodriguez”. The only copy of the summons received by her was received in the mailbox.
Plaintiff claims that this service complied with the requirements of CPLR 308 (subd 2), which permits service upon a person of suitable age and discretion, at the defendant’s "dwelling place * * * or abode”. However, the stairway and public hall of an apartment house, are not defendant’s dwelling place or abode. The moving defendant, a tenant in the premises rents a specific apartment. Absent an agreement with the owner of the premises, she only is entitled to use the stairways and public halls in common with the other tenants and their guests.
duPont, Glore Porgan v Chen (supra), cited by counsel, does not require an opposite holding. There, the court stated that the defendants’ dwelling place extended to the door or lobby of an apartment house, where a doorman had barred entry to the process server. In that case, the doorman was a responsible employee whose duties included affording the tenants a certain degree of privacy, and excluding undesirable persons from the premises. None of that is present here; the halls and stairways of the premises seem to be open to all. Therefore, the common halls and stairways cannot be considered defendant’s dwelling place or abode.
In view of the above, I have not reached the question of whether an anonymous adult, met on a public stairway, is a person of "suitable discretion”, with whom process can be left in satisfaction of the requirements of the statute.
The motion is granted, and the action is dismissed as against defendant Digna Cañuelas, because of the failure to properly serve said defendant.