OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.
*918 CPLR 308 (subd 2) provides for delivery to “a person of suitable age and discretion” (other than the person to be served), while subdivision 1 provides for delivery to “the person to be served”. However, except for additional requirements not relevant here, the two subdivisions are identical. In particular, each subdivision provides for “delivering the summons”. Absent any indication to the contrary, therefore, we may assume that, by retaining the same delivery requirements in both subdivisions while amending CPLR 308 in other respects, the Legislature anticipated that, in this regard, judicial construction of both also would be the same (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 75, pp 162-163).
We have had occasion to hold that, under CPLR 308 (subd 1), delivery of a summons may be accomplished by leaving it in the “general vicinity” of a person to be served who “resists” service (McDonald v Ames Supply Co., 22 NY2d 111, 115). Thus, under that provision, if the person to be served interposes a door between himself and the process server, the latter may leave the summons outside the door, provided the person to be served is made aware that he is doing so (Levine v National Transp. Co., 204 Misc 202, 203, affd 282 App Div 720; Chernick v Rodriguez, 2 Misc 2d 891, 892). Concordantly, we hold that the delivery requirement of CPLR 308 (subd 2) may also be satisfied, as here, by leaving a copy of the summons outside the door of the person to be served upon the refusal of “a person of suitable age and discretion” to open the door to accept it, provided the process server informs the person to whom delivery is being made that this is being done. We add that no question has been raised concerning the fact that the youngsters, one 14 and the other 15, were of “suitable age and discretion”.
Moreover, we reject defendant’s contention that service which accords with our interpretation of the statute, as it was here, offends due process. It is hornbook law that a constitutionally proper method of effecting substituted service need not guarantee that in all cases the defendant will in fact receive actual notice (Dobkin v Chapman, 21 NY2d 490, 502). It suffices that the prescribed method is one “reasonably calculated, under all the circumstances, to *919 apprise [the] interested part[y] of the pendency of the action” (Mullane v Central Hanover Trust Co., 339 US 306, 314). The statute, as we read it, easily meets this standard.
Finally, we find equally without merit defendant’s contention that proof of the mailing of a copy of the summons, as further required by the statute, was lacking because the Sheriff’s employee who actually did so was not produced. The proof of the Sheriff’s regular course of business in this regard sufficed (Nassau Ins. Co. v Murray, 46 NY2d 828, 829).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, and question certified answered in the affirmative in a memorandum.