*672 OPINION OF THE COURT
Peter Tom, J.
Does one’s dwelling place extend to the desk of the concierge at the lobby of an apartment building for purposes of service of process upon a person of suitable age and discretion pursuant to CPLR 308 (2)? This is the issue which the parties seek the court’s determination in this traverse hearing.
Plaintiff brought this action against defendant for goods and materials sold and leased, and for labor provided on behalf of defendant.
This action was instituted when plaintiff’s process server purportedly served process upon a person of suitable age and discretion at defendant’s dwelling place pursuant to CPLR 308 (2).
Section 308 provides in pertinent part that:
"Personal service upon a natural person shall be made by any of the following methods * * *
"2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his last known residence”.
On August 3, 1987, plaintiff’s process server attempted to serve process upon defendant at his place of residence located at 250 West 19th Street in Manhattan. The subject property is a 16-floor apartment building which has a concierge stationed at the entrance lobby who announces visitors. When the process server arrived, the doorman called defendant through the intercom. There was no reply. The process server left and returned to the building on the following day. The doorman again called and again there was no reply. On September 1, when the process server again returned to the building and there was no response to the doorman’s call, he served a copy of the summons and complaint upon the doorman. The process server then mailed a copy of the legal document to defendant’s last known residence on the following day.
Defendant alleges that he never received the summons and complaint which resulted in this hearing.
Plaintiff contends that defendant was properly served with process since the apartment house doorman was a person of suitable age and discretion to receive process on behalf of defendant under CPLR 308 (2) and cites the Court of Appeals *673 case of duPont, Glore Forgan & Co. v Chen (41 NY2d 794 [1977]), in support of its contention.
In the duPont case (supra), the court held that an apartment house doorman is a person of suitable age and discretion for purposes of alternative service of process under CPLR 308 (2) if the doorman performs the normal duties of a doorman. The court then describes the normal duties to include screening callers, announcing visitors, and accepting messages and packages for delivery to the tenants.
The Court of Appeals in 1982 reversed the Appellate Division in the case of Braun v St. Vincent’s Hosp. & Med. Center (87 AD2d 857, revd 57 NY2d 909) and rejected the appellate court’s finding that before a doorman can qualify as a person of suitable age and discretion under CPLR 308 (2) there must be proof that the doorman is a responsible communicator to the party to be served. It would appear from the ruling in the Braun case (supra) that so long as the doorman performs the normal duties of a doorman, he qualifies as a person of suitable age and discretion for purposes of alternative service under CPLR 308 (2).
The doorman who was served with process in this case qualifies as a person of suitable age and discretion to receive process since he meets the criteria as set forth in the Court of Appeals case. The doorman announces visitors and accepts messages and documents for delivery to the tenants. The doorman informed the process server that he would accept the legal documents for delivery to defendant.
However, CPLR 308 (2) further provides that service of process upon a person of suitable age and discretion must be made at the dwelling place of the party to be served.
The dwelling place of a person is the place where he or she actually dwells, lives or inhabits. (Gintzler v Schwarz, 126 Misc 2d 491, on rearg 129 Misc 2d 836; Rich Prods. Corp. v Diamond, 51 Misc 2d 675.)
In the duPont case (supra) the court sustained service of process upon the apartment house doorman in the building lobby and found that if the doorman denys access to the process server, the outer bounds of the actual dwelling place are deemed to extend to the area at which the process server’s progress is arrested. Since the process server was not permitted to go beyond the lobby area by the doorman, the court found that the bounds of defendant’s dwelling place extended to the building lobby where the process server’s attempt to effectuate service upon defendant was impeded.
*674 The facts in this case are clearly distinguishable from the facts in the duPont case (supra) in that the doorman in the instant case did not deny the process server access to defendant’s apartment. The process server was permitted and did go up to defendant’s apartment on one of the occasions.
The process server testified that even though he could have effectuated conspicuous-place service upon defendant by taping a copy of the summons and complaint on defendant’s apartment door, he chose to serve the doorman because he felt that defendant would be more likely to receive the document from the doorman. The process server’s reasoning may have some rational basis but the provisions for alternative service of process upon a person of suitable age and discretion as set forth in CPLR 308 (2) must be strictly complied with otherwise the service is invalid and ineffective. (Donohue v La Pierre, 99 AD2d 570.)
In the instant case, since the progress of the process server to effectuate service upon defendant was not impeded, service of process upon a person of suitable age and discretion must be made at the actual dwelling place of defendant. The actual dwelling place of defendant is within the confines of defendant’s apartment which does not extend to the stairways, public halls or other common areas in the building. (Family Fin. Corp. v Canuelas, 94 Misc 2d 241.)
Since plaintiff’s process server, who had unimpeded access to defendant’s apartment, served process upon a person of suitable age and discretion at a location which was not the dwelling place of defendant as required by CPLR 308 (2), the service is defective.
The court rejects defendant’s testimony that he does not reside at the apartment building in issue. The two doormen informed the process server that defendant is a resident of apartment No. 14A at the premises. The NYNEX white pages for 1987-1988 lists defendant’s residence address as 250 West 19th Street. Plaintiff’s president has called defendant at the telephone number listed in the white pages and has reached him on numerous occasions. The court finds that defendant resides at the premises in issue.
Based on the foregoing, the court sustains traverse and dismisses plaintiff’s action.