DAKS LEASING CORPORATION, Plaintiff, v EDWARD CONNELL, Defendant.

District Court of Nassau County, First District, January 25, 1989

## APPEARANCES OF COUNSEL

*Gervais, deCicco & McCorry (Barbara M. Buckley* of counsel), for defendant. *Raiskin, Weiser & Raiskin, P. C. (Cynthia G. Gamana* of counsel), for plaintiff.

## OPINION OF THE COURT

CHARLES G. HEINE, J.

Defendant's motion for an order pursuant to CPLR 3211 (a)

(8) dismissing the complaint on the basis that the court has no personal jurisdiction over the defendant is granted.

The summons and complaint in this action were served upon the manager of the trailer park where the defendant's trailer is located, but at a trailer other than the one where the defendant resided. Plaintiff contends that personal service was sufficiently made upon the defendant pursuant to CPLR 308 (2). This court disagrees.

CPLR 308 (2) provides that personal service upon a natural person is made when the summons is delivered to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served, and by mailing the summons to the last known residence or place of business. In the instant case, the manager of the trailer park qualifies as a person of "suitable age and discretion" within the contemplation of CPLR 308 (2). The person served must objectively be of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant. The courts have sustained delivery to adult relatives, landlords, employers, co-workers and apartment house doormen as persons of suitable age and discretion. *(See, Roldan v Thorpe,* 117 AD2d 790 [2d Dept 1986].) However, the critical issue in the instant case is whether the trailer manager was served at the "actual dwelling place" or "usual place of abode" of the defendant.

While there are no cases involving personal service upon an individual at a trailer park, analogous situations have been encountered by other courts. The "actual dwelling place" or "usual place of abode" of a tenant in a multiple dwelling has been held to be the apartment of the tenant. *(Family Fin. Corp. v Canuelas,* 94 Misc 2d 241 [1978].) This general rule was recognized in *duPont, Glore Forgan & Co. v Chen* (41 NY2d 794 [1977]) where the Court of Appeals established an exception to the rule. The court held that there was personal jurisdiction over the tenant in a large apartment building by service of process in the lobby upon the doorman, who denied the process server access to defendant's apartment. The court reached this conclusion on the basis that since the process server is not permitted to proceed to the actual apartment by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested. In this

case, the location was the lobby of the apartment house. *(Supra,* 41 NY2d, at 797-798.)

In *Roldan v Thorpe* (117 AD2d 790, *supra),* the Appellate Division of the Second Department used the analysis of the Court of Appeals in *duPont (supra)* to find that personal service upon a landlord of a single-family house, where the defendant resided in the basement apartment, was service upon a "person of suitable age and discretion", and service was made at the "actual dwelling place" or "usual place of abode." *(duPont, Glore Forgan & Co. v Chen,* 41 NY2d 794, *supra.)* The court found that the "outer bounds" of the defendant's "actual dwelling place" extended to the front of the house (the third mode of access to the defendant's basement apartment) where the process server was met by the landlord. *(Roldan v Thorpe,* 117 AD2d 790, 792-793, *supra.)* The court reached this conclusion because the defendant's apartment was not identifiable in any way, the house was small and private, the locked gate barred access to defendant's apartment through rear or side door, and defendant possessed keys to the gate. *(Supra.)*

In the instant case, the court finds that the service of the summons and complaint upon the manager of the trailer park was not at the "actual dwelling place" or "usual place of abode" of the defendant. There is no indication that the process server made the attempt to serve the defendant at his trailer. Furthermore, there is no evidence that shows the process server was prevented from entering the trailer park and serving defendant at his trailer, unlike the situations in *duPont (supra)* and *Roldan (supra)* where the process server was hindered from service because of the actions of defendant.

The Court of Appeals in *duPont (supra)* recognizes the rule that the "actual dwelling place" or "usual place of abode" of a tenant in a multiple dwelling is the apartment of the tenant. Accordingly, this court finds that the defendant's trailer in a trailer park is the "actual dwelling place" or "usual place of abode", and not the trailer park itself. The plaintiff has not shown extenuating circumstances for the court to carve an exception to the general rule, as the courts did in *duPont* and *Roldan (supra).*

Accordingly, the complaint is dismissed since the court lacks personal jurisdiction over the defendant.