OPINION OF THE COURT
M. Hallsted Christ, J.
Defendant Corso, a physiotherapist employed, at the operative time, by the Nassau County Medical Center, moves to dismiss plaintiffs’ complaint insofar as a claim is made against him, asserting an absence of in personam jurisdiction, pursuant to CPLR 3211 (a) (8).
The plaintiffs cross-move to strike the following affirmative defenses raised in the movant’s answer: (1) the lack of in personam jurisdiction; (2) the limitations bar; (3) the pendency of a prior action.
Cross-moving counsel in her supporting affirmation impermissibly expands the number of defenses challenged from those delineated within the notice of cross motion. To the extent that the relief requested therein exceeds the relief demanded within the subject notice, the court denies the cross motion as procedurally defective with leave to renew the expanded portion thereof upon proper notice.
The underlying complaint consists of three interrelated causes of action. The first cause is predicated upon allegations of professional malpractice. The second is predicated upon an alleged lack of informed consent, and is governed by Public Health Law § 2805-d. The third is a derivative cause of action for loss of services.
It is alleged without contradiction that the action was commenced against the County of Nassau on March 31, 1987. The movant herein was named as a party defendant within the action’s caption.
On May 15, 1987, an amended answer was interposed on behalf of the County of Nassau, the movant herein, and others.
Lack of in personam jurisdiction over the movant was raised therein as an affirmative defense.
*891 In support of the motion in chief, the movant avers that he had removed himself from his prior residence, the service situs, more than eight months prior to the date that service was ineffectively made upon him under CPLR 308 (4).
The movant neither denies receipt of a copy of the summons and complaint nor acquisition of notice regarding the commencement of the instant action.
From correspondence dated February 11, 1988, it clearly appears that moving counsel gave consideration to the withdrawal of the jurisdictional defense.
That plaintiffs’ counsel first ascertained the factual basis upon which the subject defense was premised, at or about the time of the service of the motion in chief is not disputed.
Thereafter, and prior to the submission of the respective applications at bar, plaintiffs caused process to be re-served upon the movant pursuant to CPLR 308 (1).
An answer was subsequently interposed. Once again, the alleged lack of in personam jurisdiction was raised. In addition, the movant raised, inter alia, the defenses of a prior pending action and the limitations bar.
A defendant "may not assert that an action has not been properly commenced due to defective service and, at the same time, allege that the action is, nonetheless, a pending action when there is reservice to cure the jurisdictional defect complained of (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:16, C3211:41). Plaintiffs’ successive efforts to serve defendant were directed to the proper commencement of only one action * * *. Plaintiff’s reservice of the summons and complaint was intended to obviate defendant’s jurisdictional objection. This was entirely proper and did not constitute commencement of a second action. ” (Dashew v Cantor, 85 AD2d 619 [emphasis supplied].)
Accordingly, the affirmative defense predicated on the pendency of a prior action which was raised in the undated answer interposed exclusively by defendant Corso in response to process served pursuant to CPLR 308 (1) on December 13, 1989, is stricken.
The submission of an affidavit of service is prima facie proof of service, which cannot be overcome by silence (see, Bidetti v Salter, 108 AD2d 890). The failure to raise an issue of fact with respect thereto is dispositive where, as here, the affidavit of service appears regular on its face.
Accordingly, the jurisdictional affirmative defense raised in *892 the undated answer interposed exclusively on behalf of defendant Corso in response to process served pursuant to CPLR 308 (1) on December 13,1989, is stricken.
Plaintiffs, in recognition of their apparent failure to acquire jurisdiction over defendant Corso within the limitations period, seek to come within an exception thereto predicated upon the assertion that the movant is united in interest with another defendant, the County of Nassau, over which jurisdiction was timely obtained.
In opposing plaintiffs’ cross motion, defendant Corso insists, through counsel, upon a strict application of the limitations bar and dismissal.
In Connell v Hayden (83 AD2d 30, 41), the court indicated that "the primary purpose of Statutes of Limitation is to relieve defendants of the necessity of investigating and preparing a defense where the action is commenced against them after the expiration of the statutory period because the law presumes that by that time 'evidence has been lost, memories have faded, and witnesses have disappeared’ (Telegraphers v Railway Express Agency, 321 US 342, 348-349).”
An exception thereto has been culled from the general limitations bar to excuse the belated commencement of an action against a party united in interest with another over whom jurisdiction was obtained within the statutory period.
In Connell v Hayden (supra, at 42-43), the court indicated "that the question of unity of interest is to be determined from an examination of (1) the jural relationship of the parties whose interests are said to be united and (2) the nature of the claim asserted against them by the plaintiff. In other words, when because of some legal relationship between the defendants they necessarily have the same defense to the plaintiff’s claim, they will stand or fall together and are therefore united in interest.”
"For a hospital to be vicariously liable for the negligence of a physician, ordinarily an employment relationship, rather than mere affiliation, is required (see, Hill v St. Clare’s Hosp., 67 NY2d 72; Topel v Long Is. Jewish Med. Center, 55 NY2d 682, 683-684).” (Raschel v Rish, 69 NY2d 694, 697.)
"Unity of interest is a question of law and not of fact (see Croker v Williamson, 208 NY 480, 485; cf. Jones v Felch, 3 Bosw 63, which, although dealing with the question of the unity of interest of parties under a different section of the Code of Procedure, determined that question by overruling a *893 demurrer, thereby indicating that it presented a legal, not a factual, issue).” "It has been held that employers (masters) and their employees (servants) are united in interest (Hatch v Cherry-Burrell Corp., 274 App Div 234, 241).” (Connell v Hayden, supra, at 43, 46.)
Defendant Corso concedes the existence of an employment relationship thereby invoking the doctrine of respondeat superior, and thus he is, as a matter of law, united in interest with the county’s medical facility.
That defendant Corso’s employment relationship with the medical facility had terminated prior to the date upon which service of process had been effectuated upon him is of no moment (see, Scheff v St. John’s Episcopal Hosp., 115 AD2d 532).
The movant asserts that application of the three-prong test delineated in Brock v Bua (83 AD2d 61) precludes a grant of the relief sought by the plaintiffs and mandates the dismissal of plaintiffs’ complaint.
The court therein held "a claim asserted against a new party will relate back to the date upon which plaintiff’s claim was previously interposed against the original named defendant despite the fact that the former was not named in the process served upon the latter only if (1) both claims arose out of the same conduct, transaction or occurrence (cf. CPLR 203, subd [e]), (2) the new party is 'united in interest’ with the original defendant, and by reason of that relationship he can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits (see Ann., 11 ALR Fed 269) and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.” (Brock v Bua, supra, at 69 [emphasis supplied].)
If applicable, the cross motion must be denied and the action against defendant Corso dismissed, due to plaintiffs’ inability to satisfy its third prong, inasmuch as the plaintiffs named him within the action’s caption, and, within the body of the underlying complaint, had identified him as a tortfeasor united in interest with the medical facility operated by codefendant, the County of Nassau, by virtue of his status as its employee upon the accrual of the causes of action pleaded therein.
This court opines that Brock (supra) and its progeny are distinguishable from the matter at bar.
*894 In Brock (supra), the plaintiff commenced an action against the defendant by serving him with a summons and complaint naming him as the only defendant. Subsequent to the expiration of the limitations period, plaintiff was afforded leave to serve a supplemental summons and amended complaint so as to add an additional party defendant.
"The rationale behind [the unity of interest rule] is that where the two defendants are united in interest their defenses will be the same and they will either stand or fall together with respect to plaintiff’s claim. Timely service upon one of two such defendants gives sufficient notice to enable him to investigate all the defenses which are available to both defendants within the period of limitations.” (Connell v Hayden, supra, at 41.)
Therefore "timely notice to one is charged to the other and it is not 'unfair’, from a Statute of Limitations viewpoint, to apply the claim interposition rule of CPLR 203 (subd [b]) to newly added codefendants who are united in interest with the original named defendant.” (Brock v Bua, supra, at 68.)
In the matter sub judice, as hereinabove noted, defendant Corso was named as a defendant within the action’s caption. In addition, the plaintiffs made multiple allegations concerning his status and conduct, and attempted, though imperfectly, to serve him with process prior to the expiration of the limitations period.
Whether obtained through the receipt of process improperly served, or in some other manner, defendant Corso clearly acquired actual notice of the action’s commencement, the allegations applicable to his status and conduct together with the claims involved, well within the limitations period.
Acquisition of such notice and the timing thereof are gleaned from the interposition of an amended answer served on behalf of defendant Corso and others.
This responsive pleading contained a jurisdictional affirmative defense which was raised exclusively on his behalf, and was served upon plaintiffs’ counsel within six weeks of the imperfectly executed service of process upon him.
The import of such notice relates not to the acquisition of jurisdiction, which must be accomplished by strict adherence to statute (see, Feinstein v Bergner, 48 NY2d 234, 241), but to the premise behind the limitations bar and its relationship to the concept of unity of interest.
"The notice required * * * may be informal because it is *895 intended only to satisfy the rationale underlying the Statute of Limitations * * * and not the more stringent notice requirement underlying the acquisition of jurisdiction over a defendant by the service of a summons.” (Brock v Bua, supra, at 69.)
An obviation of the need to satisfy the third prong of the Brock standard will not run afoul of the primary motivation underlying the limitations bar, which, as noted by the court in Connell v Hayden (83 AD2d 30, supra), was designed to relieve defendants of the need to prepare a defense, as defendant Corso’s defense coincides with the defense utilized by his employer.
Its elimination will not negatively impact upon judicial economy in the context presented herein, a concern in Brock (supra). At this juncture, discovery remains outstanding for the matter has not been certified for trial. Moreover, whether as a party defendant or as a nonparty witness, Corso, having rendered care to plaintiff Kathleen Messina, will, in all likelihood, be obliged to submit to deposition. Accordingly, delay in certification of trial readiness can be readily anticipated under any circumstance.
The court also takes some significance from the failure to oppose plaintiffs’ cross motion upon a claim and delineation of prejudice. Clearly, in an absence of a demonstration of actual prejudice, none should be presumed. (See, Evers v City of New York, 90 AD2d 786.)
In Shaw v Cock (78 NY 194, 198) the court, in refining the interrelated concepts of "unity of interest” and "relation back”, noted "service of the summons on one defendant is the commencement of the action as to each defendant who is a joint contractor or otherwise united in interest with him and prevents the running of the limitation thereafter against all the defendants named in the summons who stand in the relation mentioned to the defendant served” (emphasis supplied).
The court at nisi prius is obliged to adhere and apply precedents enunciated by the Appellate Division, Second Department, as its authority embraces the Tenth Judicial District in which the undersigned serves. The identical concept obligates adherence to and application of precedents emanating from the Court of Appeals.
The court is cognizant of the authority espoused by the Appellate Division, Third Department, in Virelli v Goodson- *896 Todman Enters. (142 AD2d 479, 483) wherein the court noted its general agreement with the Brock standard and held as follows: "In our view, Brock has superimposed an excuse qualification which shifts the focus away from the primary question of whether the new party had actual notice of the claim within the statutory limitations period. We decline to do so here.”
With the obligation to stare decisis clearly in focus, this court in an effort to hármonize the facially conflicting precedents noted above interprets the ruling in Brock (supra) as an expansion of the rule enunciated in Shaw v Cock (supra), so as to permit the maintenance of an action against a defendant belatedly served after expiration of the limitations period, who, though united in interest with a timely served codefendant, was not identified as a party within the action’s caption.
Accordingly, as defendant Corso was named within the action’s caption; as specific allegations relating to his status and conduct are set forth within the body of the complaint; as the claims against him and his employer arose from the same conduct, transaction or occurrence; as he had actual notice of the underlying claims within the limitations period and is united in interest with a timely served codefendant, the third prong of the Brock standard need not be satisfied.
Accordingly, the affirmative defense of a limitations bar raised in the undated answer interposed by defendant Corso in response to process served upon him pursuant to CPLR 308 (1) on December 13, 1989, is stricken.
For the above-noted reasons, plaintiffs’ cross motion is granted to the extent hereinabove set forth. Defendant’s motion in chief is therefore denied as academic.