OPINION OF THE COURT
Lucy Billings, J.
Based on the evidence adduced at the traverse hearing and *88 the parties’ arguments in this breach of contract action, the Court makes the following findings and conclusions.
I. Findings of Fact
On three successive weekdays, October 1-3, 1996, plaintiffs process server attempted to serve the summons and complaint at defendant’s residence, apartment 3A, 207 East 74th Street, New York County, once before 8:00 a.m. and twice after 6:00 p.m. On each occasion the building doorman, who denied the process server access beyond the inner lobby door, telephoned defendant’s apartment but received no response.
Following the third attempt, the process server sought to leave the summons and complaint with the doorman for delivery to defendant. The doorman refused to accept service and denied the process server permission to affix the papers to the inner lobby door. The process server then affixed the papers to the outer lobby door and mailed copies to defendant at her residence.
II. Legal Standards
A. A Suitable Person
When unable to serve the summons and complaint personally at defendant’s “actual * * * dwelling place” (CPLR 308 [2]), despite the exercise of due diligence (Wagner & Son v Schreiber, 210 AD2d 143 [1st Dept 1994]; Lara v 1010 E. Tremont Realty Corp., 205 AD2d 468 [1st Dept 1994]; Friedman v Telesco, 253 AD2d 846 [2d Dept 1998]), a process server first must attempt to serve a person of suitable age and discretion at defendant’s actual dwelling place. (duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797 [1977]; McCormack v Goldstein, 204 AD2d 121, 122 [1st Dept 1994].) If unsuccessful, the process server then may affix the summons and complaint to defendant’s actual dwelling place. (CPLR 308 [2], [4]; see, e.g., Miske v Maher, 156 AD2d 986 [4th Dept 1989].)
Service on a person of suitable age and discretion is effective only at defendant’s actual dwelling. (CPLR 308 [2]; Johnson v Motyl, 202 AD2d 477, 478 [2d Dept 1994]; Biological Concepts v Rudel, 159 AD2d 32, 34 [3d Dept 1990].) Outside that proximity to the intended party, the inference that delivery to her is “reasonably likely” fails. (Roldan v Thorpe, 117 AD2d 790, 791 [2d Dept 1986] [quotation omitted]; see 50 Ct. St. Assocs. v Mendelson & Mendelson, 151 Misc 2d 87, 91 [Civ Ct, Kings County 1991].)
A doorman is presumptively a person of suitable age and discretion. (duPont, Glore Forgan & Co. v Chen, 41 NY2d at *89 797; Charnin v Cogan, 250 AD2d 513, 517 [1st Dept 1998].) If a doorman is at the main entrance to a multi-unit building, however, he is not normally at a building resident’s actual dwelling for purposes of service. (Reliance Audio Visual Corp. v Bronson, 141 Misc 2d 671, 673 [Civ Ct, NY County 1988]; Family Fin. Corp. v Canuelas, 94 Misc 2d 241, 242 [Civ Ct, NY County 1978].) On the other hand, when in this case the doorman barred the process server’s access to defendant’s residence beyond the inner lobby door, that door became the “outer bounds” of defendant’s actual dwelling, and the doorman then was proximate enough to her dwelling to accept service on her behalf. (duPont, Glore Forgan & Co. v Chen, 41 NY2d at 797; see Braun v St. Vincent’s Hosp. & Med. Ctr., 57 NY2d 909, 910 [1982]; Soils Eng’g Servs. v Donald, 258 AD2d 425, 426 [1st Dept 1999]; Kambour v Farrar, 188 AD2d 719, 720 [3d Dept 1992].)
B. Due Diligence
The process server must exercise due diligence to serve either defendant or a person of suitable age and discretion before resorting to “nail and mail” service under CPLR, 308 (4). (Pizzolo v Monaco, 186 AD2d 727, 728 [2d Dept 1992]; Miske v Maher, 156 AD2d 986.) The question here is whether, upon the refusal by a person of suitable age and discretion to accept service, due diligence mandates an attempt to leave the papers in that person’s general vicinity for delivery to the intended recipient, before resort to conspicuous place service is authorized. (CPLR 308 [4]; Bossuk v Steinberg, 58 NY2d 916, 918 [1983]; Austrian Lance & Stewart v Rockefeller Ctr., 163 AD2d 125, 128 [1st Dept 1990].)
Conspicuous place service ultimately may follow the “refusal of service by a person of suitable age and discretion” (Collier, Cohen, Crystal & Bock v Fisher, 206 AD2d 260 [1st Dept 1994]), but the due diligence requirement permits that result only after the process server diligently attempts to leave the papers in that person’s general vicinity for delivery to the intended recipient. (CPLR 308 [4]; Bossuk v Steinberg, 58 NY2d at 918; Miske v Maher, 156 AD2d 986.) First of all, CPLR 308 (4) explicitly provides that “where service under paragraphs one and two,” delivery to defendant and to a person of suitable age and discretion, cannot be made with due diligence, service may be effected by affixing and mailing the papers.
In addition to the statute’s plain language, the principles of decisional authority mandate likewise. No authority expressly states that a diligent attempt to employ the form of service ap *90 proved by Bossuk is unnecessary to satisfy the CPLR 308 (2) delivery requirement as a predicate to service under section 308 (4). A superior court of coordinate jurisdiction, on the other hand, imposes just such a requirement, which this Court thus is constrained to enforce. (E.g., Miske v Maher, 156 AD2d 986.) Absent the First Department’s express rejection of this predicate to conspicuous place service (see, e.g., Collier, Cohen, Crystal & Bock v Fisher, 206 AD2d 260), the due diligence rule affirmatively articulated in Miske binds this Court. (Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [2d Dept 1984].)
The availability of Bossuk service is conditioned on whether the substitute person to be served is informed that papers are being left in his vicinity for redelivery to defendant. (Bossuk v Steinberg, 58 NY2d at 918; Charnin v Cogan, 250 AD2d at 518; Duffy v St. Vincent’s Hosp., 198 AD2d 31 [1st Dept 1993].) If the process server is precluded from informing the substitute person of the process server’s intent, plaintiff is entitled to employ conspicuous place service under CPLR 308 (4). (E.g., Wagner & Son v Schreiber, 210 AD2d 143; Matter of Galuski v Tutunjian, 133 AD2d 480, 481 [3d Dept 1987]; Reliance Audio Visual Corp. v Bronson, 141 Misc 2d at 674.)
III. Application of the Standards
A. The Opportunity for Substituted Service
Here, the process server made no attempt to serve defendant by leaving the papers in the doorman’s general vicinity under circumstances informing the doorman that the process server, by depositing the papers there, intended that defendant would be served. Having been refused permission to attach the papers to the inner lobby door, the process server simply attached them to the outer door. However reasonable his belief that defendant was more likely to receive the papers if affixed to the outer door than deposited in the general vicinity of an uncooperative doorman, the process server, with due diligence, could have employed the form of service approved in Bossuk.
B. Affixing the Papers Did Not Amount to Substituted Service
The remaining issue is whether the affixing of papers to the outer door was proximate enough in time and place to the doorman’s prior refusal to accept service so as to consider the affixation the functional equivalent of leaving the papers in the doorman’s immediate vicinity. The Bossuk requirement that the person so served be “made aware” of the process server’s intent is sufficiently broad to include both verbal communica *91 tion and conduct. (Spector v Berman, 119 AD2d 565, 566 [2d Dept 1986]; Matter of Turco, NYLJ, July 29, 1992, at 25, col 4 [Sur Ct, Nassau County].)
Moreover, where the substitute recipient is aware of the process server’s objective, the substitute’s refusal to act on that information does not defeat service. The process server’s communication is all that is necessary to apprise the person to be served of the pendency of the action. (Matter of Turecamo, 96 Misc 2d 120, 121 [Sur Ct, Nassau County 1978].) Yet, where the person to be informed is not the ultimate intended recipient, but a substituted person of suitable age and discretion, due process requires that the process server communicate sufficient information which, when objectively viewed, is reasonably calculated to assure that the person ultimately to be served will be apprised of the action. (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]; Matter of Beckman v Greentree Sec., 87 NY2d 566, 570 [1996]; Raschel v Risk, 69 NY2d 694, 696 [1986]; see Keane v Kamin, 94 NY2d 263, 265 [1999].)
Here, the process server informed the doorman of an intent to deliver documents to defendant. When the doorman refused to allow the process server to proceed beyond the building lobby’s inner door, he requested permission to affix the documents to that door. When the doorman also refused to allow this posting, the process server attached the papers to the outer door.
The evidence never established, however, that the circumstances of this posting unequivocally imparted to the doorman a responsibility to transmit the papers to defendant. The posting itself suggests to the contrary; thus, without additional evidence, plaintiff did not meet its burden to prove a communication to the doorman that the purpose of affixing the papers was for him to forward them to the intended recipient. Moreover, where papers are affixed at the exterior door of a building, the posting represents an inherently unreliable form of service, absent evidence demonstrating why such service is not “predestined to failure.” (Silvestri v Mandell, NYLJ, Dec. 18, 1991, at 24, col 6 [Civ Ct, Kings County].)
C. Conclusion
Under all these circumstances, the process server’s conduct fell short of due process. He failed to effect substituted service of the summons and complaint on the doorman of defendant’s building in a manner reasonably calculated to assure that he delivered papers to her and that she was informed of the action and afforded an opportunity to present any defense. (Mul *92 lane v Central Hanover Bank & Trust Co., 339 US at 314; Keane v Kamin, 94 NY2d at 265; Beckman v Greentree Sec., 87 NY2d at 570; Raschel v Rish, 69 NY2d at 696.)
As service of the summons and complaint did not satisfy CPLR 308, applied according to minimum due process standards, the Court never obtained jurisdiction over defendant. Hence, the Court must dismiss the action.