OPINION OF THE COURT
Cynthia S. Kern, J.
Petitioner has commenced the instant nonpayment summary proceeding against the respondent based upon the respondent’s alleged failure to pay rent for the premises located at 340 East 80th Street. It moves for partial summary judgment dismissing respondent’s first and second jurisdictional defenses and *441 respondent’s second, fourth, sixth, seventh and eighth affirmative defenses. At oral argument, respondent agreed to withdraw its second affirmative defense. Respondent cross-moves for summary judgment dismissing the petition. For the reasons set forth below, petitioner’s motion and respondent’s cross motion are granted to the extent of dismissing respondent’s first jurisdictional defense and sixth, seventh and eighth affirmative defenses and setting the matter down for a traverse as to the issue of service of the petition and notice of petition only.
Respondent seeks dismissal of this action on the ground that petitioner re-served the notice of petition and petition in this action after it already filed an initial affidavit of service with the court. The lease in this action required that service of the petition and notice of petition be made at respondent’s address specified on the first page of the lease. When petitioner initially served respondent with the petition and notice of petition, it failed to mail a copy to respondent at the address specified on the lease. Instead, petitioner mailed a copy of the papers to an alternate address. Petitioner realized its error after it filed its affidavit of service. Rather than commencing a new action, petitioner served the papers again and mailed them to the correct address specified under the lease and then filed a second affidavit of service.
The issue raised by respondent’s cross motion is whether petitioner is permitted to re-serve papers in the same action after it has already filed an initial affidavit of service with the court. RPAPL 735 (2) provides that:
“The notice of petition, or order to show cause, and petition together with proof of service thereof shall be filed with the court or clerk thereof within three days after: . . .
“(b) mailing to respondent, when service is made by the alternatives above provided, and such service shall be complete upon the filing of proof of service.”
There is no case law addressing the issue of whether the RPAPL permits a petitioner to re-serve a petition and notice of petition in order to cure a defect in service after it has already filed an initial affidavit of service with the court. There is case law, however, addressing the issue of whether re-service is permitted under CPLR 308 (2), which contains an analogous service provision. CPLR 308 (2) provides that with respect to personal service, “proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either *442 such delivery or mailing, whichever is effectuated later; service shall be complete ten days after such filing.” The courts have held that it is proper for a plaintiff to re-serve a summons and complaint in order to cure defects in service so long as the statute of limitations has not expired and that such re-service does not constitute commencement of a second action. (See Dashew v Cantor, 85 AD2d 619 [2d Dept 1981]; Messina v County of Nassau, 147 Misc 2d 889 [Sup Ct, Nassau County 1990].) The same reasoning applies under the RPAPL as the CPLR. The petitioner should be permitted to re-serve the petition and notice of petition under the RPAPL as the statute of limitations has not yet run and there was a defect in the initial service which petitioner was required to cure. Accordingly, respondent’s cross motion to dismiss for improper service on the ground that petitioner reserved the petition and notice of petition is denied.
Petitioner moves to dismiss respondent’s first jurisdictional defense which alleges that the rent demand was never served on respondent. It is well established that the affidavit of a process server constitutes prima facie evidence of proper service. (See Hinds v 2461 Realty Corp., 169 AD2d 629 [1st Dept 1991].) The mere denial of receipt of service is “insufficient to rebut the presumption of proper service created by a properly-executed affidavit of service.” (De La Barrera v Handler, 290 AD2d 476, 477 [2d Dept 2002].) A conclusory denial not accompanied by “further probative facts” does not require a traverse hearing. (American Sav. & Loan Assn, v Twin Eagles Bruce, 208 AD2d 446 [1st Dept 1994].)
In the instant action, the court finds that petitioner has met its burden of establishing proper service of the rent demand on respondent. The petitioner’s process server Bryan McElderry states in his affidavit of service that he served the rent demand upon respondent by delivering and leaving a copy with a person employed at the premises. The affidavit of service put forth by petitioner constitutes prima facie evidence of proper service of the rent demand. Respondent’s conclusory allegation that it was not served with the rent demand is insufficient to rebut the presumption of proper service. Respondent’s first jurisdictional defense is therefore dismissed.
Petitioner moves to dismiss respondent’s second jurisdictional defense which alleges that the petition and notice of petition were not properly served on respondent. In support of its motion to dismiss the jurisdictional defense, petitioner submits the affidavit of its process server Bryan McElderry. The process *443 server states that he served respondent by delivering and leaving a copy with a person employed at the premises. Respondent contends that it was not properly served because the person petitioner served was not aware that he was being served with process and refused to accept service. In support of its position, respondent submits the affidavit of Adam Nunez who states that he was in the garage on the two dates that petitioner’s process server attempted to serve the petition and notice of petition. Mr. Nunez states that the process server never identified himself as a process server and never told Mr. Nunez that he came to deliver legal papers. He also states that he refused to sign for the papers and that the process server then threw the papers on the floor and walked out. Mr. Nunez claims that he left the papers on the floor and does not know what happened to the papers.
RPAPL 735 (1) provides that:
“Service of the notice of petition and petition shall be made by . . . delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it.”
The language of RPAPL 735 does not require that the person served consent to accept service. (RPAPL 735; see Manhattan Embassy Co. v Embassy Parking Corp., 164 Mise 2d 977 [Civ Ct, NY County 1995].) A refusal to accept service will not vitiate a substitute service under RPAPL 735. (Id.) Service may be made on a party who refuses to accept service by leaving the papers in the general vicinity of the person to be served. (See Bossuk v Steinberg, 58 NY2d 916 [1983]; Colonial Natl. Bank, U.S.A. v Jacobs, 188 Misc 2d 87 [Civ Ct, NY County 2000].) However, the person being served must be made aware that he is being served with process. (See Bossuk v Steinberg, 58 NY2d at 918; Colonial Natl. Bank, U.S.A. v Jacobs, 188 Misc 2d at 89-91.) The court finds that there are disputed issues of fact as to whether petitioner’s process server adequately informed Adam Nunez that he was being served with process and that the petition and notice of petition were being left in his vicinity for redelivery to respondent. The mere fact that Adam Nunez states that the process server attempted delivery of the petition and notice of petition on the wrong date does not invalidate his entire affidavit. Accordingly, a traverse hearing is necessary to determine whether the petition and notice of petition were properly served.
*444 In the event that the traverse hearing is resolved in petitioner’s favor, petitioner also moves to dismiss respondent’s fourth affirmative defense which alleges that respondent was partially evicted from the premises as the result of an alleged water leak. A constructive eviction occurs when there is a “wrongful act by the landlord which deprives the tenant of the beneficial enjoyment or actual possession of the demised premises.” (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 82 [1970].) To establish a constructive eviction of the premises, the tenant must abandon the premises. (See Minjak Co. v Randolph, 140 AD2d 245 [1st Dept 1988].) In the instant case, respondent has sufficiently raised a disputed issue of fact as to whether it was constructively evicted from the premises. Respondent alleges that there were continuous water leaks at the premises which rendered portions of the premises unusable, that petitioner knew of the leaks and that pursuant to the lease petitioner is responsible for repairing the leaks. Petitioner claims that it had no knowledge of any alleged leaks and that pursuant to the lease it is not responsible for repairing the alleged leaks. Based on the evidence submitted, the court cannot determine as a matter of law whether the petitioner or respondent is responsible for repairing the alleged leaks pursuant to the lease. Since respondent has sufficiently established material issues of fact with regard to whether it was constructively evicted from portions of the premises, petitioner’s motion to dismiss this affirmative defense is denied.
Petitioner moves to dismiss respondent’s sixth affirmative defense which alleges that the notice of petition received by respondent is defective because it was undated and lacked the stamp of the clerk of the court. RPAPL 731 (1) and New York City Civil Court Act § 401 (c) require that a notice of petition be duly issued by a judge or a clerk of the court. The notice of petition filed in this action was duly issued by the clerk of the court. Additionally, respondent’s claim that the notice of petition it was served with was not dated and lacked the stamp of the clerk of the court does not warrant dismissal of this action. The rule is that the papers served in an action “conform in all important respects to the papers filed.” (See Matter of Gershel v Porr, 89 NY2d 327, 332 [1996].) The notice of petition served on respondent conformed in all important respects to the notice of petition filed with the court. Petitioner’s motion to dismiss this affirmative defense is therefore granted.
Petitioner moves to dismiss respondent’s seventh affirmative defense which alleges that petitioner is not the owner of the premises. It also requests leave to amend the caption of this action to change the petitioner from First Avenue Owners Corp.
*445 to First Avenue Owners Inc. Respondent claims that petitioner is not the owner of the premises because it is not the same entity that is listed as the owner on the deed to the premises. The deed to the premises names First Avenue Owners Inc. as the owner of the premises and not petitioner First Avenue Owners Corp. Pursuant to CPLR 3025, leave to amend a pleading should be freely given unless the pleading is devoid of merit or will result in undue prejudice or surprise to the other party. (See McCaskey, Davies & Assoc, v New York City Health & Hosps. Corp., 59 NY2d 755 [1983].) Petitions in summary proceedings are equivalent to pleadings in any other type of civil case and are equally amendable. (See Jackson v New York City Hous. Auth., 88 Misc 2d 121 [App Term, 1st Dept 1976].) An amendment which merely corrects a mistake in a plaintiffs name is permissible, especially when the other party is not prejudiced and should have known from the beginning that a misnomer was involved. (See Mucchi v Eli Haddad Corp., 101 AD2d 724 [1st Dept 1984].) Here, respondent would not be prejudiced by the correction of the caption to match the name in the deed. Accordingly, petitioner is granted leave to amend the caption. Based on the court’s granting petitioner leave to amend the caption, petitioner has sufficiently stated its ownership interest in the premises. Therefore, the seventh affirmative defense is dismissed. The court notes that the lease names First Avenue Owners Corp. as the owner and not First Avenue Owners Inc. The issue of the lease containing a different corporate name than the deed is a different issue than whether the petitioner is the owner of the premises. To the extent that respondent wishes to address the issue at trial as to the name of the petitioner in the lease, it is not prohibited from doing so based on the dismissal of the seventh affirmative defense. The caption of the proceeding is hereby amended and the amended caption should read as follows:
FIRST AVENUE OWNERS INC.,
Petitioner, Index No. 90040/04
v
RIVERWALK GARAGE CORE, Respondent.
*446 Finally, petitioner seeks to dismiss respondent’s eighth affirmative defense which alleges that petitioner failed to name an indispensable party. Respondent claims that Evan Garage Corp. is a necessary party because petitioner accepted rent payments from this entity. However, respondent has failed to submit any evidence that this third party has any interest in the property. Accordingly, this affirmative defense is dismissed.
Based on the foregoing, petitioner’s motion for partial summary judgment dismissing respondent’s jurisdictional and affirmative defenses and respondent’s cross motion to dismiss the action for improper service is granted to the extent of dismissing respondent’s first jurisdictional defense and sixth, seventh and eighth affirmative defenses.