15-3337-cv
Stein v. American General Life Insurance Company

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand sixteen.

PRESENT:  JON O. NEWMAN,
                    GERARD E. LYNCH,
                    CHRISTOPHER F. DRONEY,
                            *Circuit Judges*.

------------------------------------------------------------------------

ALLEN STEIN, AS TRUSTEE OF THE RACHEL MEISELS IRREVOCABLE TRUST 2006B,
                            *Plaintiff-Appellant*,

                    v.                                              No. 15-3337-cv

AMERICAN GENERAL LIFE INSURANCE COMPANY,
                            *Defendant-Appellee*.

------------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:          IRA S. LIPSIUS, Lipsius-BenHaim Law LLP, Kew Gardens, NY.

FOR DEFENDANT-APPELLEE:          DAVID T. MCDOWELL, Edison, McDowell & Hetherington LLP, Houston, TX.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Allen Stein, Trustee of the Rachel Meisels Irrevocable Trust 2006B (the "Trust"), filed a notice of appeal from the July 22, 2014, order and the September 28, 2015, order of the district court. The first order denied both parties' motions for summary judgment; the second order granted summary judgment in favor of Defendant-Appellee American General Life Insurance Company ("American General") and ordered the case dismissed. We will treat the notice of appeal as seeking to appeal the judgment, entered September 29, 2015, implementing the order entered September 28.[1]

In 2009, an insurance policy issued by American General insuring the life of Rachel Meisels lapsed due to nonpayment of premiums. In 2011, Stein brought suit seeking a declaration that the insurance policy was still in force.[2] The district court concluded that there were no genuine disputes of material fact that the policy had lapsed. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

This Court reviews *de novo* a district court's grant of summary judgment. *Matthews v. City of New York*, 779 F.3d 167, 171 (2d Cir. 2015). Summary judgment is proper only if "'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). This Court "also review[s] *de novo* the district court's interpretation and application of state law." *Phansalkar v. Andersen Weinroth & Co.*, 344 F.3d 184, 199 (2d Cir. 2003) (per curiam).

On appeal, Stein argues that: (1) American General failed to mail the Trust a "Grace Period Notice," as required by New York law; (2) even if such Notice was mailed, it was legally deficient; and (3) American General was compelled to accept a replacement check and keep the policy in force. These arguments are meritless.

---

[1] To the extent that the notice of appeal sought to appeal the order entered July 22, 2014, it was improper, as that was an unappealable pretrial order, and unnecessary, as an appeal from the final judgment would have brought up for review all prior orders of the district court that produced the judgment. *See SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 178 (2d Cir. 2000).

[2] This action was originally filed in New York state court. It was removed to the United States District Court for the Eastern District of New York on the basis of diversity jurisdiction.

1. Proof of Mailing

Under New York law, an insurer may not terminate a life insurance policy for failure to pay premiums without first notifying the policyholder by mail of the impending lapse. N.Y. Ins. Law § 3211 (McKinney 2008). A presumption of receipt of such notice arises when "the record establishes office procedures, followed in the regular course of business, pursuant to which [the] notice[] ha[s] been addressed and mailed." *Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 92 (2d Cir. 2010) (citing *Nassau Ins. Co. v. Murray*, 386 N.E.2d 1085, 1086 (N.Y. 1978)). "To rebut this presumption, a litigant must show that 'routine office practice was not followed or was so careless that it would be unreasonable to assume that notice was mailed.'" *Id.* (quoting *Nassau*, 386 N.E.2d at 1086). "Mere denial of receipt is insufficient to rebut the presumption." *Id.*

At summary judgment, American General offered extensive evidence regarding its office procedures as proof that a Grace Period Notice was mailed to the Trust in May 2009, including: (1) the declaration of James Daniel, Director of Information Technology; (2) the declaration of Frank Vallis, Director of Records Management; and (3) the deposition testimony of Jeremy Ciszewski, General Manager for Pitney Bowes, American General's mail processor. Stein contends that this evidence is insufficient because Ciszewski lacked personal knowledge of the mailing. Specifically, Stein asserts that the Grace Period Notice was mailed from Pitney Bowes's Stafford, Texas facility and that, as an employee of the Houston facility, Ciszewski could not have testified as to how the Notice was mailed or to the mailing procedures in effect at the Stafford facility during the time period when the Notice was mailed.

Under New York law, "personal knowledge is required only to establish regular office procedure, not the particular mailing." *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985); *Bossuk v. Steinberg*, 447 N.E.2d 56, 58 (N.Y. 1983). Here, Ciszewski's deposition testimony clearly demonstrates that he had personal knowledge of Pitney Bowes's regular office procedure as of May 2009. Ciszewski testified that he worked at Pitney Bowes, in both mail sorting and human resources capacities, since 2002. He testified that, during that time, he worked at three different facilities, and that all three "follow[ed] a very similar approach." App'x at 50. Ciszewski then described Pitney Bowes's mailing procedures in detail. Ciszewski further testified that office procedures at that facility had not changed between May 2009, when the Grace Period Notice was sent, and November 2009, when Ciszewski began working at the Stafford facility. We agree with the district court that this testimony, along with the other evidence offered by American General, is sufficient to create a presumption of receipt. Because Stein offers no evidence to rebut this presumption, apart from denying that the Notice

was ever received, we conclude that there is no genuine dispute that American General has satisfied its mailing obligations under New York law.

### 2. The Grace Period Notice

Pursuant to New York Insurance Law § 3211, a Grace Period Notice must state: (1) the amount of payment owed; (2) the date when payment is due; (3) the place where and the person to whom payment can be made; and (4) that, without such payment, the policy will terminate or lapse. N.Y. Ins. Law § 3211(b)(2) (McKinney 2008). Although "forfeiture of life insurance coverage for late payment of premiums is 'not favored in the law,'" *Speziale v. Nat'l Life Ins. Co.*, 159 F. App'x 253, 255 (2d Cir. 2005) (summary order) (quoting *N.Y. Life Ins. Co. v. Eggleston*, 96 U.S. 572, 577 (1877)), these notice requirements should not be construed as creating a "trap" for either the insurer or the insured, *McCormack v. Sec. Mut. Life Ins. Co.*, 116 N.E. 74, 77 (N.Y. 1917). Thus, minor variations from the statutory notice requirements of § 3211 will not automatically render a grace period notice noncompliant. *See McCormack*, 116 N.E. at 77 (interpreting § 3211 and asserting that, while everything of substance must be stated, "there is no requirement of literal adherence to one invariable form"); *see also Zeligfeld v. Phx. Life Ins. Co.*, 975 N.Y.S.2d 370 (Table), 2013 WL 1688902, at *4 (N.Y. Sup. Ct. 2013) (concluding that notice containing minor error or obvious typographical error in premium amount due may still provide essential information required by § 3211, and therefore be found in compliance).

Stein maintains that, even if American General mailed the Trust a Grace Period Notice, the Notice failed to clearly and accurately convey the amount owed, the date due, and the payee. The district court concluded otherwise, and we agree. As to amount owed, there can be no genuine question that the Notice clearly indicated that, unless a payment of $22,361.91 was received, the policy would lapse. Indeed, the payment stub also read, "Pay This Amount: $22,361.91." App'x at 157. That the Notice also indicated the minimum quarterly premium required is irrelevant. As to date due, even if the Notice erroneously indicated that payment was due prior to July 20, 2009, instead of on or before that date, such error was *de minimis*. Stein had approximately two months' notice of the deadline, and was advised that prompt action was required to keep the policy in force. *See McCormack*, 116 N.E. at 77 (noting that "the purpose of the [grace period] notice is to spur the assured to diligence"). Finally, as to the appropriate payee, American General submitted evidence showing that: (1) the Trust had made checks for premium payments out to "American General," "American General Life Insurance," and "AIG" in the past, all of which had been accepted; and (2) the Trust had received a nearly identical Grace Period Notice in June 2008, and subsequently mailed payment to the correct address. Thus, despite the fact that the Notice listed three different corporate entities and included two different addresses, any resulting ambiguity could not have confused or

4

prejudiced Stein. In sum, we conclude that no genuine issue of material fact exists, and that the Grace Period Notice adequately conveyed all the information required by law.

### 3. The Replacement Check

On June 3, 2009, American General mailed the Trust a Quarterly Notice of Payment Due, indicating that a premium payment of $15,000 was due by July 17, 2009. On July 16, 2009, American General received a $15,000 check from the Trust, erroneously made out to "R. Meisels" (the name of the insured). As a result, American General returned the check to the Trust, along with a form letter that stated, in relevant part: "Please correct and return to us. We will process promptly upon receipt." App'x at 216. The Trust subsequently submitted a corrected check, but American General declined to accept it because, by the time of its receipt, the grace period had expired and the policy had lapsed.

Stein maintains that the form letter constituted a promise by American General to accept the replacement check, regardless of the grace period deadline, and keep the policy in force. That argument fails for two reasons. First, we find no genuine dispute that the form letter, which did not reference the policy's impending lapse and simply requested a replacement check made out to the correct party, did not extend the applicable grace period deadline. Second, even if such an extension were made, the $15,000 replacement check was well below the amount required to keep the policy in force. Accordingly, we reject Stein's argument.

\*　　\*　　\*

We have considered Stein's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5