## (July 14, 1977)

■ In the Matter of MARIA SILVA, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Determination of the State Human Rights Appeal Board, dated March 24, 1977, unanimously confirmed, without costs and without disbursements; the cross motion to dismiss the petition granted and the petition dismissed; and the cross motion to drop certain respondents from the petition denied. No opinion. Concur—Kupferman, J. P., Silverman, Evans and Lane, JJ.

■ F. I. DuPONT, GLORE FORGAN & Co., Respondent, v WILLIAM S. CHEN et al., Appellants.—On remittitur from Court of Appeals, appeal from order, Supreme Court, New York County, entered on May 13, 1975, granting plaintiff's motion to confirm Referee's report, and denying defendants' motion to set aside service. PER CURIAM: On remittitur from the Court of Appeals (41 NY2d 794) "for a review of the facts", defendants move for the first time to enlarge the transcript of the minutes of the hearing before the Special Referee, heretofore specifically waived below and at both appellate stages. While the application comes with poor grace at this belated stage, we believe it better, since we should review all the facts to deal with the matter appropriately, to grant the motion, which we do, without costs. That branch of the motion by defendants which seeks costs and disbursements is denied. We proceed to compare the transcript with the factual assumptions set out in the memoranda here and in the opinion of the Court of Appeals; the fact patterns in all three are identical, and we find the facts to be in accordance with the assumptions at both appellate levels. On these facts, our earlier, majority memorandum (53 AD2d 812) held service of process herein to have been invalid. The Court of Appeals, to the contrary, held that "if a process server is not permitted to proceed to the actual apartment by the doorman * * * the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested", i.e. here the lobby, and that, in these circumstances the determination of the Referee "that this doorman came within the contemplation of CPLR 308(2) as 'a person of suitable age and discretion' " to receive process is appropriate. Applying the law as so stated to these facts, service of the process should be sustained. Accordingly, the order of Supreme Court, New York County, entered May 13, 1975, confirming the Special Referee's report sustaining service should be affirmed, with costs. On remittitur from the Court of Appeals, order, Supreme Court, New York County, entered on May 13, 1975, unanimously affirmed. Respondent shall recover of appellants $40 costs and disbursements of this appeal. Motion, insofar as it seeks to enlarge record on appeal granted, without costs. Motion, insofar as it seeks costs and disbursements, denied. Concur—Lupiano, J. P., Birns, Markewich and Yesawich, JJ.