OPINION OF THE COURT
David B. Saxe, J.
The issue of apparent first impression that I must resolve on this traverse is whether service of process under RPAPL 735 is properly effected against one cotenant of commercial premises by service of the petition and notice of petition upon an employee of another cotenant at the same premises?
Three cotenants share an office suite at 300 Park Avenue. Two of the tenants are lawyers engaged in separate practices; the third cotenant is a business (Benec Industries, Inc.).
Two of the cotenants, Benec Industries, Inc., and attorney Feerst were properly served. The issue here is whether attorney Robert Race was properly served.
The landlord claims that service of the papers upon Race ■ was effected by personally serving them upon one Edward Tristram, a technical writer employed by Benec Industries, *412 Inc., at the 300 Park Avenue office location and by mailing a copy of the papers by regular first class and certified mail to the respondent, one day later. There is no contention that the mailing was done improperly. It appears that Tristram has never been employed by tenant Race.
Race contends that the service upon him was improper under RPAPL 735 because Tristram is not employed by him nor authorized to accept service of process for him. Race has accordingly moved to dismiss the petition.
RPAPL 735 in pertinent part states:
“Manner of service; filing; when service complete
“1. Service of the notice of petition and petition shall be made by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it; or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; and in addition, within one day after such delivering to such suitable person or such affixing or placement, by mailing to the respondent both by registered or certified mail and by regular first class mail” (emphasis added).
The petitioner argues that since the papers were served upon a person who is employed at the property sought to be recovered, service should be sustained. The respondent contends that, where, as here, the landlord apparently knew that the respondents were maintaining three distinct businesses, the statute cannot be read in so literal a manner that would permit service upon anyone employed at the premises sought to be recovered. He asserts that “employed at the property” in this context must be read as employed at the property by the particular cotenant for whom service is intended.
While there is logic in the respondent’s position, the presumption has not been overcome that statutes are intended to be construed as written and that an omission is *413 just as deliberate as an express provision. (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 74, 94.) A court should be hesitant to add new terms and limitations to a statute. The petitioner’s interpretation is in accord with this principle.
Nevertheless, although Tristram was employed at the premises, I hold that service upon him was improper to effect service upon attorney Race, because Tristram was not a person of suitable age and discretion, as is required by RPAPL 735. Whether or not the employee served is the employee of the person sought to be served is relevant in determining whether he was a person of “suitable age and discretion”. Service of process is intended to afford notice to a party of an impending action or proceeding. Where possible, the statute should be construed to advance the purpose of effectuating valid service of process. (417 East Realty Assoc. v Ryan, 110 Misc 2d 607, 610.) When determining whether service was proper the inquiry must be: Under the circumstances, is it fair to say that the manner of service used is one that, objectively viewed, is calculated to adequately and fairly apprise the respondent of an impending lawsuit? (417 East Realty Assoc. v Ryan, supra.) As a general rule, in a business setting, it would be unfair and improper to say that an employee of another tenant, not employed by the tenant on whom service is intended, would be one of suitable age and discretion. Their relationship to each other is simply too remote. That is the case here.
Cases have recently held that doormen of apartment buildings or business receptionists may be characterized as persons of “suitable age and discretion” for purposes of accepting service of process under CPLR 308 (subd 2). (See Fashion Page v Zurich Ins. Co., 50 NY2d 265; Du Pont, Glore Forgan & Co. v Chen, 58 AD2d 789.) The CPLR 308 (subd 2) requirement of service upon a person of suitable age and discretion for substituted service appears identical to that in RPAPL 735. In those cases (supra), service was upheld based upon a finding that an integral part of the employment consisted of direct responsibilities to the tenants or employees, as the case may be, of notification of incoming visitors, messages, and packages. In those cases *414 it was never assumed that service upon receptionists or doormen would be routinely upheld; rather, it was stated: “In evaluating whether service is to be sustained, the circumstances of the particular case must be weighed. Delivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is a company employee, would not be sufficient. Such service cannot be upheld even though the receptionist may later deliver the summons to the proper party. ‘To sustain such service would encourage carelessness, or worse, thus increasing the risk of default by parties who in fact fail to receive the summons.’ (McDonald v Ames Supply Co.)” (Fashion Page v Zurich Ins. Co., supra, at p 273.)
Service upon Tristram is unacceptable to effect service upon Race. First, Tristram was not an employee of Race, but rather an employee of Benec Industries, Inc. Second, the businesses were separately maintained and the landlord was apparently aware of this. Third, it appears that Tristram owed no responsibility or duties to Race. Fourth, Tristram told" the process server that he was neither employed by Race, nor authorized to accept service for him. I hold that the process server’s belief that Tristram was an appropriate person to accept service for Race was unreasonable. (See Oxhandler v Sekhar, 88 AD2d 817.) For all of the foregoing reasons, I hold that service was improper because Tristram was not of “suitable age and discretion”. The respondents’ motion to dismiss the petition as against Robert Race is granted. Clerk is directed to restore actions against Benec Industries, Inc., and Barry Feerst, Esq., to the Trial Calendar.