OPINION OF THE COURT
Jacqueline W. Silbermann, J.
The question this court is called upon to decide is "What is the meaning of the word 'resides’ in the context of RPAPL 735 [1]?”
RPAPL 735 (1) provides in pertinent part that: "Service of the notice of petition and petition shall be made * * * by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition” (emphasis supplied).
The facts in this case are not in dispute.
The process server’s affidavit states that the papers were served on Coleman Jones who stated that he resided at the premises and was willing to accept the papers for respondent, Murray Sosin.
Respondent Sosin in his affidavit avers as is here relevant that: "Mr. Jones is a friend who was staying with me as a transient guest in April of 1985. He had lost his apartment *516 and I let him stay with me only until he found a new one. Our agreement was that Coleman would stay with me temporarily.”
There is no denial that Mr. Jones continued living at the apartment during the time in which respondent was allowed to and did answer the petition. It is also not denied that Mr. Jones delivered the papers to respondent, Sosin, and that the requisite papers were mailed and received by Mr. Sosin. Respondent does not dispute that Mr. Jones in all other respects, i.e., age and mental capacity, is a person of suitable age and discretion.
Thus the sole issue presented is the definition of "resides” in the context of RPAPL 735 (1).
Reside is a word having two meanings. It can mean to "dwell permanently” or "to dwell for a length of time” (Webster’s New Universal Unabridged Dictionary 1540 [2d ed 1983).
The court opines that in terms of RPAPL 735 (1) the Legislature intended resides to mean to dwell for a length of time. In reaching this conclusion the court is guided by the case of Leland House v Wigfall (98 Misc 2d 355 [App Term, 1st Dept 1979]). The court there reasoned: "The literal construction of [RPAPL 735] suggested by the landlord ignores an essential purpose of that section, to wit: to give the tenant notice and an opportunity to be heard (Dobkin v Chapman, 21 NY2d 490).” (Supra, p 356.) From this point of view it would make no difference if the person receiving the papers intends to live in the apartment permanently or for a sufficient length of time. In either instance the person accepting the papers could be expected to and would have the same incentive to give them to the respondent. That is, to insure their uninterrupted residence in the apartment.
Secondly, RPAPL 735 (1) provides that service on a person of suitable age and discretion can be made by delivering the papers to a person employed at the premises. An employee is not generally hired on a permanent basis. An employee in one’s home is usually one who is hired at will or under a contract for a specific job and/or during a specific period of time. Thus, it appears that the Legislature did not contemplate permanency to be a requisite for service upon a person of suitable age and discretion.
What is a "sufficient” length of time?
The court finds that a sufficient length of time is a question of fact.
*517 The uncontroverted facts in the instant proceeding lead this court to the conclusion that Mr. Jones resided in the subject apartment for a sufficient length of time to be a proper person of suitable age and discretion as intended by the statute.
The affidavit by respondent indicates that Mr. Jones was living at the apartment during the month of April 1985. It further states that Mr. Jones had no other place to live having lost his apartment. Under the circumstances the subject premises were Mr. Jones’ only residence during the relevant time period (the date of service to the date an answer was required). Thus, he had every incentive to protect Mr. Sosin’s continued tenancy by conveying the papers to him. The status of Mr. Jones appears to resemble that of a roommate and not a mere "transient” as respondent urges. Although Mr. Jones’ residence was temporary it was his only residence and his status was more than that of a mere overnight guest.
The Legislature having not provided a specific time period in which a person must remain in premises to be said to reside therein, this court will not deign to superimpose a specific time requirement.
In deciding the issue in a particular case the court should be guided by whether the person’s presence at the premises is of such a time period as would lead the court to conclude that under the facts and circumstances at bar, it would be proper to infer that the person served with the papers would be more likely than not to deliver them to the person for whom they were intended.
For the foregoing reasons, the court holds that Mr. Jones resided in the apartment within the meaning of RPAPL 735 (1) and service upon a person of suitable age and discretion was properly made. The motion is, therefore, denied.