■ In the Matter of COMMUNITY SCHOOL DISTRICT No. 13 et al., Appellants, v NORMAN GOODMAN, Respondent.—In a proceeding purportedly brought pursuant to CPLR article 78 but properly treated as one to review the penalty imposed by a hearing panel pursuant to Education Law § 3020-a (5), the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Vaccaro, J.), dated July 3, 1985, which, upon the respondent's cross motion to dismiss the proceeding for failure to obtain personal jurisdiction over him, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

Under the facts and circumstances of this case, we find that personal jurisdiction was not obtained over the respondent. The petitioners' attempted service of process upon the respondent pursuant to CPLR 308 (2) must fail as the person "of suitable age and discretion" with whom the petitioners left the papers was Dr. J. Jerome Harris, the Superintendent of the petitioner Community School District No. 13. While not named as a party, in a case such as this, the interests of Dr. Harris, Chief Executive Officer of the petitioner community school district, must be considered to be adverse to those of the respondent, and as such it would be inappropriate for him to act as the recipient of service for him (see, City of New York v Chemical Bank, 122 Misc 2d 104). In reaching this decision we note in passing the many irregularities in the papers served by the petitioners, and further that at all pertinent times the respondent was in the petitioners' employ, and available for personal service on a daily basis in the petitioner Community School District No. 13's own office. In light of all the above circumstances, Special Term properly found that service was improper, and jurisdiction over the respondent was not obtained. Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.