OPINION OF THE COURT
Geoffrey O’Connell, J.
Following a traverse hearing held pursuant to the order of Judge Calabrese, the court makes these findings of fact and conclusions of law.
*271 FINDINGS OF FACT
Petitioner and respondent BPPT Enterprises Corp. (hereinafter BPPT) entered into a lease dated December 19, 1986 for premises located at 315 Rockaway Turnpike, Lawrence, Nassau County. The lease does not specify BPPT’s address and contains only the form lease notice clause. BPPT thereafter sublet the premises to respondents Lawrence Auto Rental Corp. and 315 Turnpike Grocery, Inc., who have not appeared.
According to the petition, petitioner served BPPT with a notice to cure its default of failing to make necessary repairs on or about May 3, 1988. Thereafter, a termination notice dated October 18, 1988 was served upon BPPT’s alleged failure to cure its default.
Petitioner contends that this holdover proceeding was commenced against BPPT by service of a notice of petition and petition on January 17, 1989. The process server, Scott Vigoda, testified that on January 17, 1989, he went to the premises in question, 315 Rockaway Turnpike in Lawrence. The premises are occupied by the defaulting corespondents, Lawrence Auto Rental and 315 Turnpike Grocery. Mr. Vigoda entered the grocery and approached the counter. The person at the counter stated that neither the owner of the grocery nor the proprietor of BPPT was present. However, he agreed to accept service of process. Notices of petition and petitions for both BPPT and 315 Turnpike Grocery were thereupon served.
The process server saw no indication that BPPT was located at the premises. Pursuant to instructions from petitioner’s attorneys, he mailed copies of the notice of petition and petition to BPPT at the premises, 315 Rockaway Turnpike, and to 250 Meadowview Avenue, Hewlett Bay Park, Nassau County, care of Mr. William Brooks, by certified and regular mail.
William Brooks, who executed the lease as president of BPPT, testified that he resides at 250 Meadowbrook Ave., Hewlett Bay Park. Although he asserted that BPPT never did business at 315 Rockaway Turnpike and that rent checks were mailed from BPPT’s office at 1 Raison Road, Cedarhurst, Mr. Brooks recognized his sister-in-law’s signature on a rent check bearing the address "BPPT Enterprises Corp., 315 Rockaway Tpke., Lawrence” and mailed in an envelope bearing the same return address written by hand. He also acknowledged that *272 BPPT had ceased to pay rent some six or eight months ago. He denied receiving the notice and petition.
CONCLUSIONS OF LAW
BPPT contends that service was defective in that the notice was served upon the employee of another corporation and was not mailed to its principal office. RPAPL 735 provides:
"1. Service of the notice of petition and petition shall be made by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it; or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; and in addition, within one day after such delivering to such suitable person or such affixing or placement, by mailing to the respondent both by registered or certified mail, and by regular first class mail. * * *
"(b) if a corporation, joint-stock or other unincorporated association, as follows: at the property sought to be recovered, and if the principal office or principal place of business of such corporation, joint stock or other unincorporated association is not located on the property sought to be recovered, and if the petitioner shall have written information of the principal office or principal place of business within the state, at the last place as to which petitioner has such information, or if the petitioner shall have no such information but shall have written information of any office or place of business within the state, to any such place as to which the petitioner has such information. Allegations as to such information as may affect the mailing address shall be set forth either in the petition, or in a separate affidavit and filed as part of the proof of service.”
Assuming arguendo that BPPT is correct in asserting that its principal place of business is 1 Raison Road, petitioner had no notice of that fact. The statute requires that the notice be written and case law requires that it be clear and unambigu *273 ous. (North 34th Co. v Wedgewood Garage, 138 Misc 2d 1027.) Here the lease was silent as to a principal place of business and the only written evidence of an address is the check and envelope bearing 315 Rockaway Turnpike.
The facts of this case distinguished it from 815 Park Owners v West LB Admin. (119 Misc 2d 671) where notice was sent to an empty apartment despite knowledge of another address. Equally distinguishable is Lana Estates v National Energy Reduction Corp. (123 Misc 2d 324), in which the petitioner also had knowledge that the respondent’s principal place of business was not located at the subject premises. Here the petitioner caused notice to be sent to the only other address of which it had knowledge, Mr. Brooks’ home at 250 Meadow-brook Ave., Hewlett Bay Park.
More troubling is the fact that the person of suitable age and discretion to whom the notice and petition were delivered was, to the knowledge of the process server, not an employee of BPPT, but of a corespondent. In Ilfin Co. v Benec Indus. (114 Misc 2d 411) the court held that RPAPL 735 requires only service upon a person "employed at the property sought to be recovered” and not that such person be employed by the party served. Nevertheless, the court in Ilfin held that because of his employment, the person served was not a person of suitable age and discretion. Petitioner would distinguish Ilfin on the basis that the respondent there actually occupied a portion of the premises and the person upon whom process was served stated that he was not authorized to accept process. Here BPPT did not occupy the premises and the person served agreed to accept process.
Considered in light of the facts of this case, the court finds these distinctions persuasive. If the grocery employee was not a person of suitable age and discretion, what was petitioner’s recourse? Arguably, the statute would permit him to affix the notice to the door with its potential delivery subject to the vagaries of weather and chance. Under the circumstances here presented, delivery to the willing employee of the grocery was better calculated to give notice, particularly when combined with mailing both to the premises and to the only other potential address of which petitioner had knowledge.
The court finds service upon BPPT proper.