OPINION OF THE COURT
Richard Rivera, J.
QUESTION PRESENTED
This is a commercial nonpayment summary proceeding. The six named respondents are two partnerships, Mendelson and *88 Mendelson, and Wild and Springer (law firms sharing common office space) and the four individual partners in their individual capacities. The verified petition claims a total of $14,084.36 representing unpaid rent for the period between April 1, 1990 and June 30, 1990 as well as fuel, labor, and gas and electric charges and legal fees claimed due over that period.
Respondents’ answer asserts three affirmative defenses and four counterclaims. The first affirmative defense alleges that the petition and notice of petition herein were not served in accordance with the provisions of the Real Property Actions and Proceedings Law (RPAPL), and that the court therefore lacks jurisdiction over the respondents.
The issue currently before the court is whether petitioner’s service of process complied with the requirements of RPAPL 735 so as to confer jurisdiction over respondents upon the court.
Following a traverse hearing, the court makes these findings of fact and conclusions of law.
FINDINGS OF FACT
Respondents share office space in suite 706 located at 50 Court Street, Brooklyn, New York. In fact, three law firms share space there: Mendelson and Mendelson, Wild and Springer, and Burton and Rudnick, but only the first two firms are named as respondents in this proceeding. The three firms have separate legal practices, and they do not engage in any business relationships regarding the practice of law. However, Burton and Rudnick sublet their space from the Mendelson firm.
Each firm has its own employees. In addition to its two partners, the Mendelson firm contracts with a typing service for typing support. The Wild and Springer firm consists of two partners and a full-time secretary who is a black female. Aside from its two partners, the Burton and Rudnick firm also employs an office manager who is a white female.
Although Hyman J. Mendelson, a partner in the Mendelson firm, and Allan D. Springer, a partner in Wild and Springer, both testified that only the partners are authorized to accept service of process and other legal papers, it is undisputed that Josie (the secretary for Wild and Springer) accepted service of the three-day written demand which was served on the respondents as a predicate to the commencement of this pro *89 ceeding. Respondents do not contest the propriety of service of the three-day demand.
On July 18, 1990, the process server herein served respondents with the appropriate number of notices of petition and petitions by leaving them with a person that turned out to be Burton and Rudnick’s office manager. Before leaving the papers with her, the process server had approached Josie to ask for the respondents. However, Josie signalled the process server to give the papers to the office manager. At first, the process server asked for respondents, but the office manager said they were busy and could not be disturbed. She then said she would accept service for them. Respondents do not challenge the process server’s subsequent mailings pursuant to RPAPL 735.
The office manager left copies of the notice of petition and petition on Hyman J. Mendelson’s desk, and he found them on July 18, 1990 when he returned to his office later that day. Mr. Mendelson then told Mr. Springer about the papers.
DISCUSSION
In relevant part, RPAPL 735 (1) provides that: "Service of the notice of petition and petition shall be made by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it”. On its face, this statute authorizes service of a notice of petition and petition upon a person of suitable age and discretion "who resides or is employed at the property sought to be recovered.”
The facts in this case resemble those in Ilfin Co. v Benec Indus. (114 Misc 2d 411 [Civ Ct, NY County 1982]). Ilfin (supra) was a summary proceeding for nonpayment of rent brought against three cotenants who shared an office suite. Two of the tenants were law firms while the third was a business not engaged in the practice of law (Benec Industries). In commencing the proceeding, petitioner’s process server correctly served two of the tenants (one of the law firms and Benec Industries), and he attempted to serve the remaining tenant (Attorney Robert Race) by serving a Benec Industries employee who told the process server that he was not authorized to accept service for Robert Race. Petitioner argued that *90 the Benec Industries employee was a person of suitable age and discretion under RPAPL 735 (1), and that delivery of process to this employee effectuated service upon Robert Race. The court disagreed and dismissed the petition against Race.
In reaching this result, the court first noted that "When determining whether service [is] proper the inquiry must be: Under the circumstances, is it fair to say that the manner of service used is one that, objectively viewed, is calculated to adequately and fairly apprise the respondent of an impending lawsuit?” (Ilfin Co. v Benec Indus., supra, at 413, citing 417 E. Realty Assocs. v Ryan, 110 Misc 2d 607, 610 [Civ Ct, NY County 1981].) The Ilfin court concluded that service upon the employee of an unrelated cotenant who denied authority to accept service did not contain the degree of reliability needed to conclude that the intended respondent would learn about the proceeding. In particular, the court could not find the type of relationship or connection between the Benec Industries employee and the respondent intended to be served as would adequately assure delivery of process to the respondent.
Kahn v Sosin (130 Misc 2d 515 [Civ Ct, NY County 1985]) is similarly instructive. In Kahn, the process server served an occupant of the tenant’s apartment with the notice of petition and petition claiming that the occupant was a person of suitable age and discretion. The evidence showed that the occupant was a friend of the tenant who had lost his apartment and was staying with the tenant until he found his own apartment. Under these circumstances, the court concluded that the occupant
"had every incentive to protect [the tenant’s] continued tenancy by conveying the papers to him * * *
"In deciding the issue in a particular case the court should be guided by whether the person’s presence at the premises is of such a time period as would lead the court to conclude that * * * it would be proper to infer that the person served with the papers would be more likely than not to deliver them to the person for whom they were intended.” (Kahn v Sosin, supra, at 517.)
Silverman v BPPT Enters. Corp. (144 Misc 2d 270 [Dist Ct, Nassau County 1989]) is also relevant here. In Silverman the prime tenant sublet commercial premises to two subtenants. The prime tenant did not occupy any part of the premises. For reasons not relevant here, the landlord commenced a summary holdover proceeding against the prime tenant and the *91 two subtenants. The question before the court was whether petitioner correctly served the prime tenant. In this regard, the process server testified that it had served the prime tenant by delivering the notice of petition and petition to an employee of one of the subtenants who agreed to accept process for the prime tenant. The court found that the employee was a person employed "at the property sought to be recovered” as provided by RPAPL 735 (a), and that the employee acknowledged authority to accept service. Under these circumstances, the court held that the subtenant’s employee was a person of suitable age and discretion as provided in RPAPL 735, and that service upon this employee conferred jurisdiction over the prime tenant.
The principle that emerges from these cases is that a person will be considered to be of suitable age and discretion where the nature of his/her relationship with the person to be served makes it more likely than not that they will deliver process to the named party. In applying this principle, the courts search for indications that the person served can be counted on to inform the named party of the proceeding. Apparent authority to accept service (Silverman v BPPT Enters. Corp., supra), a stake in the respondent’s continued occupancy (Kahn v Sosin, supra), and employer-employee relationships (Ilfin Co. v Benec Indus., supra) are relevant indicators of suitable age and discretion. In addition, cases under CPLR 308 (2) have held that such factors as the age of the person served (Bradian v Chavez, NYLJ, Apr. 23, 1968, at 16, col 6; Room Additions v Howard, 124 Misc 2d 19 [Civ Ct, Bronx County 1984]); the presence or absence of a conflict of interest between the deliveree and the party to be served (Weidemann v Keith, 127 AD2d 831 [2d Dept 1987]; Matter of Community School Dist. No. 13 v Goodman, 127 AD2d 837 [2d Dept 1987]); family relationships (Sutra Co. v Valenzuela, 113 AD2d 793 [2d Dept 1985]); and building relationships (e.g., doorman) (duPont, Glore Forgan & Co. v Chen, 41 NY2d 794 [1977]) are relevant considerations in determining whether a person is of suitable age and discretion. (See also, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:2, at 303-305.)
Based on these precedents, I hold that the service upon the office manager conferred jurisdiction over the respondents herein. In this regard, it is undisputed that the office manager worked for the Mendelson firm’s subtenant (Barton and Rudnick). As with the occupant in Kahn (supra) I find that this *92 relationship gave the office manager an incentive to deliver process to the Mendelson partners, as she did. Moreover, unlike the employee in Ilfin (supra), the office manager here, as the employee in Silverman (supra), expressed clear authority to accept service. It is relevant to note that although respondents’ testimony strongly insists that only the law firms’ partners and no one else was authorized to accept legal process, the facts belie this claim. Specifically, there is no dispute that the same process server had previously served Wild and Springer’s secretary (Josie) with a written three-day demand for rent, that she accepted it, that respondents received it, and that they do not challenge the service of that jurisdictional document herein. Further, under these circumstances, the secretary’s previous acceptance of the three-day demand, her voluntary signal to the process server that the office manager could accept service, and the office manager’s acceptance of process herein contradict respondent’s assertions that office policy on acceptance of process and legal papers is as clearly defined and established as they claim. With this in mind I find that the process server reasonably relied both on the secretary’s signal indicating that he could serve papers on the office manager and the latter’s statement of authorization to accept process for all of the respondents, and that the office manager’s acceptance of process satisfied the requirements of RPAPL 735 (1).
Based on the foregoing, I hold that the office manager was an employee of suitable age and discretion as that term is utilized in RPAPL 735 (1), and that service of process upon her conferred jurisdiction upon this court over the named respondents.