OPINION OF THE COURT
Debra A. James, J.
This is a residential holdover summary proceeding. Petitioner seeks to recover possession of the subject premises (hereinafter the loft) on the alternative theories that respondent tenant, Susan Ensley (hereinafter Ensley), does not occupy all or a part of the loft as her primary residence or has illegally sublet a portion of the loft without petitioner’s consent.
Under CPLR 3211 (a) (7), Ensley moves to dismiss the petition on the grounds that petitioner improperly served the 30-day notice of termination. Petitioner opposes such relief and cross-moves for an order granting leave to conduct discovery and directing payment of use and occupancy, pendente lite. Respondent undertenant Lloyd Handwerker (Handwerker) cross-moves pursuant to CPLR 402 for leave to interpose cross claims against Ensley.
The loft is located in an interim multiple dwelling and protected under Multiple Dwelling Law article 7-C. Ensley entered into possession of the loft in 1984. Some 10 years later, Handwerker took possession of a portion of the loft, the year of which, either 1994 or 1996, is in dispute as is the question whether he is Ensley’s roommate or subtenant.
In February 1997, Ensley caused to be served on Handwerker a written notice of termination/notice to quit, giving Hand-werker 30 days to vacate the subject premises.
Nine months later, Handwerker commenced an action against Ensley in Supreme Court, the complaint in which alleged, inter alla, that Handwerker was entitled to exclusive occupancy of the larger portion of the subject premises and that Ensley is an illusory tenant, who charged Handwerker rent in *473 excess of the lawful rate. An order of November 17, 1997 (Goodman, J.) granted Handwerker a temporary restraining order enjoining Ensley from commencing a proceeding in Civil Court to recover possession of the portion of the loft he occupied.
By order filed May 12, 1998 (Goodman, J.), the Supreme Court converted the temporary restraining order into a preliminary injunction denying transfer of the case to Civil Court and prohibiting Ensley’s access to and occupancy of the portion of the loft premises occupied by Mr. Handwerker. That order was reversed on May 13, 1999 by the Appellate Division, First Department, which vacated the preliminary injunction and dismissed Handwerker’s Supreme Court action, without prejudice to Ensley’s commencement of a summary proceeding in Civil Court. (Handwerker v Ensley, 261 AD2d 190.) The First Department held that Handwerker’s monetary claims could be interposed as defenses and counterclaims in the summary proceeding.
Petitioner alleges that on March 26, 1999, it served a 30-day notice of termination (the Notice) upon respondent tenants En-sley, Ed Chaplin and Lloyd Handwerker. By affidavit, the process server swears that he personally delivered five copies of such Notice to Handwerker. The subsequent commencement of the summary proceeding took place allegedly by conspicuous place service of the notice of petition and petition on May 15, 1999.
RPAPL 735 (1) provides, in pertinent part, “Service of the notice of petition and petition shall be made by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it.” Real Property Law § 232-a requires that a 30-day termination notice, which is the subject of the motion at bar, be served in the manner in which the notice of petition in summary proceedings is served by law.
Ensley’s contention that reasonable application must be made prior to resorting to substitute service is without merit. No prior attempt is required. (525 Park Ave. Assocs. v Kwit, NYLJ, July 15, 1987, at 11, col 1 [App Term, 1st Dept].) In fact, reasonable application must be made to effect personal delivery or substitute service, as was purportedly done with the petition here, before petitioner may resort to conspicuous *474 place service of process. Since petitioner did not deliver the termination notice by “nail and mail,” the least desirable of the three methods of service (Eight Assocs. v Hynes, 102 AD2d 746, affd 65 NY2d 739 [1985]; Manhattan Embassy Co. v Embassy Parking Corp., 164 Misc 2d 977 [Civ Ct, NY County 1995]), no reasonable application was necessary.
Ensley’s argument that her interests were in conflict with those of Handwerker at the time petitioner delivered the notice of termination by substituted service to him and that on that basis, as a matter of law, Handwerker is not a person of suitable age and discretion presents the hard question for the court.
The purpose of service of notice is twofold. First, it notifies respondent that the action is pending, apprises him/her of its object and when, where and how to respond. Second, it is an act of public power that symbolizes the court’s assertion of authority over the litigant. (City of New York v Chemical Bank, 122 Misc 2d 104 [Sup Ct, NY County 1983].)
By the foregoing rationale, receipt of actual notice need not be proven to establish proper service. Constitutional due process standards require that process be served by a legally approved method that, viewed objectively, is reasonably calculated to make the respondent aware of the proceedings even if the summons/notice of petition is never actually received. (Dobkin v Chapman, 21 NY2d 490 [1968]; NY Const, art I, § 6.)
On the other hand, actual notice alone is legally insufficient to permit the court to exercise its power over respondent. Thus, Handwerker’s sworn statement that one minute after service of the Notice he gave them to Ensley is not dispositive of the question whether the Notice was properly served.
Substituted service allows the notice to be delivered to a person other than the person to whom the notice is directed, if the recipient is a person of suitable age and discretion. Generally, the court considers a person to be of suitable age and discretion where the nature of his/her relationship with the person to be served makes it more likely than not that he/she will deliver process to the named party. Courts search for indications that the person served can be counted on to inform the named party of the proceeding. (50 Ct. St. Assocs. v Mendelson & Mendelson, 151 Misc 2d 87 [Civ Ct, Kings County 19911.)
There are several cases that address the import of the recipient’s conflict of interest with the person to whom the no *475 tice is directed upon the question of suitable discretion to accept service.
In Weidemann v Keith (127 AD2d 831 [2d Dept 1987]), the Court found that a negligence plaintiff, who shared a residence with the defendant, lacked suitable discretion to accept service of process on defendant.
Petitioners brought a CPLR article 78 proceeding in Matter of Community School Dist. No. 13 v Goodman (127 AD2d 837 [2d Dept 1987]) for review of a penalty imposed by a hearing panel pursuant to Education Law § 3020-a (5). There, the petitioners attempted service upon respondent by leaving the papers with the superintendent of petitioner school district. The Court reasoned that although not named as a party, the superintendent, as chief executive officer of the community school district, had interests adverse to the respondent, which made service upon him as the recipient for respondent inappropriate.
The court in Matter of Garrett (142 Misc 2d 846 [Sup Ct, Bronx County 1989]) held that service of papers that sought authorization to administer antipsychotic medication to a psychiatric inpatient against his will was invalid where the same physician who commenced the proceeding for forcible medication accepted the papers on the patient’s behalf.
Finally in City of New York v Chemical Bank (122 Misc 2d 104 [Sup Ct, NY County 1983], supra), the court found that a husband was not a person of suitable age and discretion to accept service of the City’s petition for an order to compel a bank, at which the husband maintained a joint account with his wife, to pay the husband’s unpaid adjudication of three years of tax liability. It reasoned that the husband’s economic interest in having his debt satisfied from joint funds rather than from property owned only by him was clearly adverse to that of his wife. “The law recognizes that self-interest may well alter anyone’s perception and conduct * * * It is of no moment * * * that the recipient of the summons is of suitable age, and ordinarily may be of suitable discretion; the question is whether he has suitable discretion in the specific circumstances” (122 Misc 2d, at 110).
The cases apply an objective and not a subjective standard for determining whether there is a conflict of interest where substitute service is attempted. In other words, that petitioner here was not a party to the Supreme Court action and arguably did not know of the conflict of interest is not the proper inquiry. Notwithstanding petitioner’s lack of knowledge, objec- *476 lively, there was a conflict of interest between Handwerker and Ensley when the papers were delivered to him since at that time, his action against Ensley was pending in Supreme Court. As did the negligence plaintiff in Weidemann (supra), Handwerker sought damages against Ensley, the defendant in his action, with whom he allegedly resides. Just as the Weide-mann plaintiff, Handwerker lacks the discretion to accept service for the person against whom he was seeking damages.
Moreover, as between Ensley and Handwerker, the Supreme Court order of May 12, 1998, which was not reversed until May 13, 1999, denied access or occupancy to Ensley of the portion of the loft where Handwerker resided, so that objectively Handwerker did not reside in the premises petitioner seeks to recover from Ensley. That he did not reside at those premises was an objective fact under the order that stayed Ensley, notwithstanding petitioner’s knowledge or lack of knowledge of such order.
Accordingly, the court grants respondent Ensley’s motion and dismisses the petition. The court denies respondents’ cross motions as moot.