OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs and petition dismissed.
Tenant appellant Shirin Akhtar is the daughter-in-law of tenants Afruz Bakht and Quazi Z. Begum, the estranged wife of tenant Mohammad J. Bakht, and the sister-in-law of landlords. Following their marriage, appellant and her husband moved into the subject premises, already occupied by appellant’s parents-in-law. When the marriage broke up, appellant obtained two orders of protection against her husband, barring her husband from the premises. None of the tenants herein have a lease or has ever paid rent, and, in a prior summary proceeding, it was held that tenants were tenants at will. In the instant proceeding, appellant challenged, inter alia, the propriety of service of the petition and notice of petition. A traverse hearing was held, service was sustained and a trial followed, resulting in the entry of a final judgment of possession in favor of landlords.
Appellant’s testimony, at both the traverse hearing and trial, indicated that Afruz Bakht, appellant’s father-in-law, who allegedly received substituted service of the notice of petition and petition on appellant’s behalf, had an interest in the proceeding sufficiently adverse to appellant’s so as to render him a person not of suitable discretion to validly accept service for her pursuant to RPAPL 735 (1) (see Weidemann v Keith, 127 AD2d 831 [1987]; House of Bowery Corp. v Ensley, 182 Misc 2d 471 [Civ Ct, NY County 1999]). A person is generally deemed to be of “suitable age and discretion” for the purpose of RPAPL 735 (1)
“where the nature of his/her relationship to the person to be served makes it more likely than not that they will deliver process to the named party. In applying this principle, the courts search for indications that the person served can be counted on to inform the named party of the proceeding” (50 Ct. St. Assoc. v Mendelson & Mendelson, 151 Misc 2d 87, 91 [Civ Ct, Kings County 1991]).
A conflict of interest may be found where, as here, the recipient of service and the intended respondent are related, but their *80 interests in the proceeding are opposed (see City of New York v Chemical Bank, 122 Misc 2d 104 [Sup Ct, NY County 1983]), whether this conflict is known to the process server or not (see House of Bowery Corp. v Ensley, 182 Misc 2d at 475). Despite the fact that Afruz Bakht was a corespondent in the present proceeding, all of the Bakhts, according to appellant, including the corespondents, wanted her out of the house so that her estranged husband, Mohammad J. Bakht, could return and live there. Their interests were thus aligned against hers. It must be noted in this regard that none of the tenants, other than appellant, offered any testimony in the proceeding or even appeared in it.
Under the circumstances presented, there is a conflict of interest between the recipient of service and the appellant such that the recipient was not a person of suitable discretion for purposes of RPAPL 735 (1). Accordingly, substituted service of the petition and notice of petition on Afruz Bakht did not constitute good service upon appellant. Since a necessary party was not joined, the final judgment is reversed in its entirety and the petition dismissed (see Rochdale Vil., Inc. v Goode, 16 Misc 3d 49, 53 [App Term, 2d & 11th Jud Dists 2007]; Watersview Owners, Inc. v Pacimeo, 13 Misc 3d 130[A], 2006 NY Slip Op 51805[U] [App Term, 2d & 11th Jud Dists 2006]).