Weston Patterson, J.
(dissenting and voting to affirm the
final judgment in the following memorandum). I respectfully disagree with the majority and vote to affirm the final judgment. To rebut the presumption of proper service in this case, tenant appellant Shirin Akhtar was required to show, and not merely imply, that an adverse interest existed between her and the cotenant who accepted service on her behalf. Akhtar failed to sustain this burden. Although an order of protection was in effect against landlord Mohammad A. Bakht and cotenant Mohammad J. Bakht, the husband of Akhtar, one did not exist in favor of Akhtar against cotenant Afruz Bakht, who received service on Akhtar’s behalf. Indeed, Afruz Bakht continues to reside with Akhtar at the same address, and there is nothing in this record to support a finding that an acrimonious relationship existed between them (compare House of Bowery Corp. v Ensley, 182 Misc 2d 471 [Civ Ct, NY County 1999] [evidence overwhelmingly established a conflict of interest where the cotenants were involved in extensive litigation, resulting in injunctions, *81 restraining orders and appeals]).* Moreover, the interests of Akhtar and Afruz Bakht were sufficiently aligned, since both faced eviction as cotenants in this holdover proceeding. To the extent the majority relies on Akhtar’s self-serving testimony that all the Bakhts, including the cotenants, wanted Akhtar out of the residence, it should be noted that the court below, in finding no adverse interest, rejected that testimony. Deferring to the trial court’s credibility determination, and in the absence of any evidence suggesting an acrimonious relationship, it cannot be inferred that cotenant Afruz Bakht is not a person of suitable age and discretion who can be relied upon to inform Akhtar. In these circumstances, and in light of appellant Akhtar’s admission to having received actual notice of the petition by regular mail and by certified mail, I find that service upon appellant was proper.
Pesce, P.J., and Belen, J., concur; Weston Patterson, J., dissents in a separate memorandum.

 Appellant Shirin Akhtar has resided with cotenants Afruz Bakht and Quazi Z. Begum since her marriage in September 2004 to cotenant Mohammad J. Bakht. Mohammad J. Bakht has not lived in the residence since March 2005.