OPINION OF THE COURT
Scott Fairgrieve, J.
The respondent, Matthew Kalter, moves by way of order to show cause to vacate the default money judgment against him dated October 20, 2008, in the amount of $7,728.60, and to dismiss the proceeding due to the petitioner’s failure to properly serve him. In the alternative, the respondent requests that the money judgment be vacated and that he be permitted to defend on the merits due to him having a reasonable excuse for not appearing and a meritorious defense.
The petitioner, Home Properties, L.P, Westwood Village Apts., commenced this summary holdover proceeding on September 16, 2008. On October 20, 2008, a stipulation of settlement was entered into between the petitioner and Mr. Kalter’s estranged wife, Sylvia Kalter (herein Mrs. Kalter), who was also a respondent, in which Mrs. Kalter acknowledged rental arrears; consented to an immediate issuance of a warrant of eviction, which the petitioner agreed to stay the execution of until November 8, 2008; entitled the petitioner to a money judgment in the event of Mrs. Kalter’s noncompliance; and directed that the security deposit first be applied to any damages, with the balance reducing any money judgment or loss of rent. A judgment was entered against Mr. Kalter (herein the respondent), due to his nonappearance, in the amount of $7,728.60, as well as the execution of a warrant of eviction being stayed as per the stipulation.
The respondent moves for a dismissal of this action, which includes the money judgment against him, based on the fact that he was never personally served by the petitioner. A copy of the petition was served on Mrs. Kalter, who the respondent acknowledges would normally be considered a person of suitable age and discretion to accept service of process for him. The respondent argues that in this instance Mrs. Kalter should not be considered a person of suitable age and discretion based upon the fact that at the time of service she had a “stay away” order of protection against him. (A matrimonial action, wherein a motion for support has been filed, is also pending between them.) The order of protection was issued on May 11, 2008. As a result *393 of the order of protection, the respondent was unable to contact Mrs. Kalter in any way or go back to the home except with a police escort. The respondent argues that, based upon the aforementioned, a conflict of interest existed between them and therefore it would be unreasonable to render her a person of suitable age and discretion to accept service of process for him. The respondent asserts that the petitioner was aware of the existence of the order of protection and aware that the respondent was unable to go back to the residence. On June 8, 2008, the respondent alleges that he notified the petitioner that he was not going to renew the lease, which was due to expire on August 9, 2008. The money judgment against the respondent was a result of nonpayment for the months of August and September (Aug. 10, 2008 to Sept. 9, 2008 and Sept. 10, 2008 to Oct. 9, 2008) which were beyond the scope of the lease term.
The petitioner argues that the intervening circumstance, i.e., the order of protection, would not relieve the respondent of his responsibility to see to it that the property was vacated at the end of the lease and therefore he is liable for rental arrears. The petitioner argues that if any occupant holds over after the term of the lease, any of the named tenants are liable for use and occupancy. The petitioner argues that although the respondent acknowledges that he received a copy of the notice of petition and petition in the mail, the petitioner was unaware of any change of address. The petitioner acknowledges that the respondent informed it that he was not going to renew the lease. The petitioner does not state whether or not it was aware of the order of protection.
RPAPL 735 (1) states, in pertinent part, that
“[s]ervice of the notice of petition and petition shall be made ... by delivering to and leaving personally with a person of suitable age and discretion who resides ... at the property sought to be recovered, a copy of the notice of petition and petition . . . and in addition, within one day after such delivering to such suitable person ... by mailing to the respondent both by registered or certified mail and by regular first class mail.”
A person would not be considered a person of suitable age and discretion where their interests in the proceeding were sufficiently adverse to the party for whom they were accepting service (Bakht v Akhtar, 18 Misc 3d 78 [2d Dept 2007]).
“A person is generally deemed to be a person of *394 ‘suitable age and discretion’ for the purpose of RPAPL 735 (1) ‘where the nature of his/her relationship to the person to be served makes it more likely than not that they will deliver process to the named party. In applying this principle, the courts search for indications that the person served can be counted on to inform the named party of the proceeding.’ ” (Id. at 79, quoting 50 Ct. St. Assoc. v Mendelson & Mendelson, 151 Misc 2d 87, 91 [Civ Ct, Kings County 1991].)
“A conflict of interest may be found where, as here, the recipient of service and the intended respondent are related, but their interests in the proceeding are opposed” (id. at 79-80, citing City of New York v Chemical Bank, 122 Misc 2d 104 [Sup Ct, NY County 1983]), “whether this conflict is known to the process server or not.” (Id. at 80, citing House of Bowery Corp. v Ensley, 182 Misc 2d 471, 475 [Civ Ct, NY County 1999].) If no good service is executed on a necessary party “the final judgment [should be] reversed in its entirety and the petition dismissed.” (Id., citing Rochdale Vil., Inc. v Goode, 16 Misc 3d 49, 53 [App Term, 2d Dept 2007]; Watersview Owners, Inc. v Pacimeo, 13 Misc 3d 130[A], 2006 NY Slip Op 51805[U] [App Term, 2d & 11th Jud Dists 2006].)
Respondent swears in his affidavit that “Petitioner was fully aware that I have been unable to go back to the residence, as they were orally notified of the existence of the Order of Protection by myself and by my wife, co-Respondent Sylvia Kalter.”
Petitioner fails to submit an affidavit to refute this statement. The court finds in the instant case, based upon the order of protection and the other proceedings pending between them, that Mrs. Kalter was not a person of suitable age and discretion to accept process for the respondent. The presence of the order of protection, which ordered the respondent to stay away from Mrs. Kalter, made it unlikely that she would notify or deliver process to the respondent. As previously stated, it is irrelevant whether the process server, and by extension the petitioner, knew of the conflict of interest when serving process.
However, this court notes that petitioner has failed to refute respondent Matthew Kalter’s statement that petitioner was informed of the order of protection. Thus, petitioner was on notice of the conflict between the two respondents, but disregarded this knowledge and had its process server serve Sylvia Kalter, who was at complete odds with her husband Matthew Kalter. Petitioner must bear the consequence of this action which *395 mandates that the court void the judgment due to improper service. (See Matter of Community School Dist. No. 13 v Goodman, 127 AD2d 837 [2d Dept 1987] [holding that CPLR 308 (2) service is not valid where service is made upon one person who has an adverse interest to that of the respondent being served].)
The court would note that the conflict of interest between the respondent and Mrs. Kalter is also evidenced by the stipulation entered into which relieved only Mrs. Kalter of any monetary judgment if she vacated the premises. On the date this stipulation was entered into, a money judgment was entered against only the respondent and the execution of the warrant against the respondent was stayed as per the stipulation. Based on the conflict of interest, the court finds that no good service was executed on the respondent, who is a necessary party to the proceeding. As such, the money judgment against the respondent is reversed and the petition is dismissed.
Conclusion
Accordingly, the respondent’s motion to dismiss is granted and the money judgment is hereby vacated. All restraints on any of respondent’s assets or bank accounts are declared void.