Merritt Ave., LLC v Empire Scaffolding Sys., Inc. (2023 NY Slip Op 50117(U))

[*1]

Merritt Ave., LLC v Empire Scaffolding Sys., Inc.

2023 NY Slip Op 50117(U)

Decided on February 21, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 21, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570546/22

Merritt Avenue, LLC, Petitioner-Landlord-Respondent, 
against
Empire Scaffolding Systems, Inc., Respondent-Tenant-Appellant, -and- "XYZ CORP," Respondent.

Tenant Empire Scaffolding Systems, Inc., as limited by its brief, appeals from that portion of an order of the Civil Court of the City of New York, Bronx County (Brenda Rivera, J.), entered May 2, 2022, which denied its motion to dismiss the petition in a holdover summary proceeding.

Per Curiam.
Order (Brenda Rivera, J.), entered May 2, 2022, insofar as appealed from, affirmed, with $10 costs.
Tenant's motion to dismiss the holdover petition, premised upon the alleged improper service of the notice of termination, was properly denied. The affidavit of the process server demonstrates that substituted service was properly made pursuant to RPAPL 735(1), by delivery of the papers to one of tenant's employees at the subject premises, one Bernard Torres, followed by the requisite mailing (see Milonis v 3273-3285 Westchester Ave. Realty Corp., 70 Misc 3d 136[A], 2021 NY Slip Op 50066[U][App Term, 1st Dept 2021]; 116 John St. Owner, LLC v Chea Kim, 59 Misc 3d 148[A], 2018 NY Slip Op 50784[U][App Term, 1st Dept 2018]; 113 Downtown LLC v B & G Enters. of Staten Is., Inc., 2002 NY Slip Op 50355[U][App Term, 1st Dept 2002]). In opposition, tenant failed to rebut the presumption of proper service raised by the affidavit of service (see Wells Fargo Bank, NA v Edwards, 95 AD3d 692 [2012]). Tenant did not dispute that Torres was employed at the premises or that he was served. Nor were tenant's conclusory and unsupported assertions sufficient to raise a question warranting a hearing as to whether Torres was a "person of suitable age and discretion" as that term has been defined by case law (see e.g. Roldan v Thorpe, 117 AD2d 790, 791 [1986], appeal dismissed 68 NY2d 663 [1986]; Bakht v Akhtar, 18 Misc 3d 78 [App Term, 2d Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 21, 2023