245 Fifth Owner LLC v Enigma Tech. Inc. (2025 NY Slip Op 50093(U))

[*1]

245 Fifth Owner LLC v Enigma Tech. Inc.

2025 NY Slip Op 50093(U)

Decided on January 30, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 30, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570100/24

245 Fifth Owner LLC, Petitioner-Landlord-Respondent,
against
Enigma Technologies Inc., Respondent-Tenant-Appellant, and Regal Voice, Inc. and "XYZ, Inc.," Respondents-Subtenants.

Tenant, as limited by its briefs, appeals from (1) an order of the Civil Court of the City of New York, New York County (Richard A. Tsai, J.), entered March 15, 2024, which denied its motion to vacate a default money judgment and to dismiss the petition in a nonpayment summary proceeding, and (2) that portion of an order (same court and Judge), entered March 15, 2024, which denied its motion to vacate the restraints on its bank accounts imposed in connection with that judgment.

Per Curiam.
Order (Richard A. Tsai, J.), entered March 15, 2024, reversed, with $10 costs, and defendant's motion to vacate the default judgment and to dismiss the petition is granted to the extent of remanding the matter for a traverse hearing and further proceedings consistent with the determination rendered after such hearing. Appeal from order (Richard A. Tsai, J.), entered March 15, 2024, dismissed, without costs, as academic.
In this commercial nonpayment proceeding, landlord's affidavit of service indicated that service of the petition and notice of petition was effectuated upon tenant Enigma Technologies, Inc. at the property sought to be recovered, pursuant to RPAPL § 735, by delivery to an individual, Julia Emerilie, who stated that she is authorized to accept service. In response, tenant indicated, among other things, that: it previously vacated the premises with landlord's knowledge and no longer had employees there; Julia Emerilie was employed by Regal Voice, Inc., an entity that sublet one of tenant's three floors; Regal was in negotiations with landlord regarding a direct lease; and tenant was completely unaware of the proceeding.
"While a proper affidavit of a process server attesting to personal delivery constitutes prima facie evidence of proper service, a sworn nonconclusory denial of service by a defendant is sufficient to dispute the veracity or content of the affidavit, requiring a traverse hearing" (NYCTL [*2]1998—1 Trust & Bank of NY v Rabinowitz, 7 AD3d 459, 460 [2004]; see also Bank of Am., N.A. v Diaz, 160 AD3d 457, 458—459 [2018]). On this record, the parties' competing averments raise a factual issue concerning whether Julia Emerilie was "a person of suitable age and discretion" employed at the property sought to be recovered (RPAPL § 735; see Bakht v Akhtar, 18 Misc 3d 78, 79 [App Term, 2nd Dept 2007]), which determination should be made after a hearing (see 2505 Victory Blvd., LLC v Victory Holding, LLC, 18 Misc 3d 279, 287-288 [2007]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 30, 2025