Thompson v Nelson (2025 NY Slip Op 02284)

Thompson v Nelson

2025 NY Slip Op 02284

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Scarpulla, Higgitt, JJ. 

Index No. 651072/22|Appeal No. 4144|Case No. 2024-03730|

[*1]Lu-Shawn Thompson, Plaintiff-Respondent,
v
Aliya J. Nelson, Defendant-Appellant, Harvey K. Newkirk, et al., Defendants.

Davis Ndanusa Ikhlas & Saleem LLP, Brooklyn (Mustapha Ndanusa of counsel), for appellant.
Keith White, PLLC, Brooklyn (Keith White of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about May 30, 2024, which denied defendant Aliya J. Nelson's motion pursuant to CPLR 5015 and 3211(8) to vacate the default judgment and dismiss the complaint as against her, unanimously affirmed, without costs.
Plaintiff commenced this fraud action against Nelson and her husband, defendant Harvey K. Newkirk, among others. After defendants were served, Newkirk twice wrote to plaintiff's counsel requesting an extension of time for defendants (other than defendant Omnis, LLC) to answer. However, defendants did not appear or answer, and plaintiff obtained a default judgment against them. Following an inquest, judgment was entered against them. Nelson then moved to vacate the default judgment against her pursuant to CPLR 5015(a) on the grounds that, among other things, the court lacked personal jurisdiction over her because service was not properly made.
The affidavit of plaintiff's process server demonstrates, prima facie, that service was properly made on Nelson pursuant to CPLR 308(2) by leaving a copy of the summons and complaint with Newkirk, a person of suitable age and discretion, at their residence and then mailing a copy to her at the same address (see Matter of Medallion Fin. Corp. v Rucker, 223 AD3d 497, 497 [1st Dept 2024]; Khayyam v Doyle, 231 AD2d 475, 475-476 [1st Dept 1996]). Nelson's mere denial of receipt of service is insufficient to rebut the presumption of proper service created by the properly executed affidavit of service (see Matter of Medallion Fin. Corp. v Rucker, 223 AD3d at 497). Nelson asserts that she and Newkirk are not estranged yet have an unexplained conflict of interest based on the allegations in the complaint. However, the vague assertion that a conflict of interest might arise between defendants in the litigation provides no basis for concluding that Newkirk was not a person of suitable age and discretion or that he would not be "reasonably likely to convey the summons" to Nelson (Roldan v Thorpe, 117 AD2d 790, 791 [2d Dept 1986] [internal quotation marks omitted], lv dismissed 68 NY2d 663 [1986]; cf. Bakht v Akhtar, 18 Misc 3d 78, 79-80 [App Term, 2d Dept 2007]).
Accordingly, the motion was properly denied without a traverse hearing (see Grinshpun v Borokhovich, 100 AD3d 551 [1st Dept 2012], lv denied 21 NY3d 857 [2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025