Seebald v Spoonley (2025 NY Slip Op 04324)

Seebald v Spoonley

2025 NY Slip Op 04324

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, AND DELCONTE, JJ.

399 CA 23-01449

[*1]CATHLEEN SEEBALD, AS EXECUTOR OF THE ESTATE OF GEORGE FLATTERY, III, DECEASED, PLAINTIFF-APPELLANT,
v
SHANE SPOONLEY, DEFENDANT, GUY R. SPOONLEY AND CAROLE J. SPOONLEY, DEFENDANTS-RESPONDENTS. 

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (FRANK J. JACOBSON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
RUPP PFALZGRAF LLC, BUFFALO (ALYSON R. TUFILLARO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an amended order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered April 28, 2023 in a breach of contract action. The amended order, inter alia, granted the motion of defendants Guy R. Spoonley and Carole J. Spoonley to vacate a default judgment. 
It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs on the condition that the third and fourth ordering paragraphs of the amended order shall remain in effect until further order of Supreme Court, Erie County, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking to recover the unpaid balance on a series of loans allegedly made to defendants, Shane Spoonley (Shane) and his parents, Guy and Carole Spoonley (parent defendants), totaling $219,276. After defendants failed to answer or otherwise appear in the action, a default judgment was entered against them in November 2021. In June 2022, the parent defendants moved, inter alia, to vacate the default judgment against them pursuant to CPLR 5015 (a) (1) and (4). Supreme Court issued an order in which it, inter alia, granted the motion insofar as it directed that a traverse hearing be held to determine whether service pursuant to CPLR 308 (2) was proper. Following the traverse hearing, the court issued an amended order in which it, inter alia, granted the motion insofar as it sought to vacate the default judgment pursuant to CPLR 5015 (a) (4). Plaintiff now appeals from the amended order.
We agree with plaintiff that the court erred in granting vacatur to the parent defendants under CPLR 5015 (a) (4) based on its determination that it lacked personal jurisdiction over the parent defendants due to ineffective service of process (see CPLR 308 [2]; see generally Hallston Manor Farm, LLC v Andrew, 60 AD3d 1330, 1331 [4th Dept 2009]; Hon. Mark C. Dillon, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C5015:9). We note that on appeal there is no dispute that Shane was the person served by plaintiff and that he was then residing at, and received process at, the dwelling place he shared with the parent defendants. There also is no dispute that plaintiff complied with the mailing requirements of CPLR 308 (2). Rather, we conclude that the court erred in granting the motion on the basis that Shane was not a person of suitable age and discretion due to a purported conflict of interest with the parent defendants (see generally CPLR 308 [2]; City of New York v Chemical Bank, 122 Misc 2d 104, 108, 110-111 [Sup Ct, NY County 1983]).
Under CPLR 308 (2), service may be made upon a person of "suitable age and discretion." In that respect, "[t]he person to whom delivery is made must objectively be of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant" (Citimortgage, Inc. v Leitman, 232 [*2]AD3d 847, 848 [2d Dept 2024] [internal quotation marks omitted]; see Chemical Bank, 122 Misc 2d at 108). Indeed, "[t]he criterion should be whether the person can be expected to advise the defendant of the service" (David D. Siegel & Patrick M. Connors, New York Practice § 72 [6th ed, Dec. 2024 update]). "A person would not be considered a person of suitable age and discretion where their interests in the proceeding were sufficiently adverse to the party for whom they were accepting service" (Home Props., L.P., Westwood Vil. Apts. v Kalter, 24 Misc 3d 391, 393 [Nassau Dist Ct, 1st Dist 2009]; Bakht v Akhtar, 18 Misc 3d 78, 79-80 [App Term, 2d Dept 2d & 11th Jud Dists 2007]). Furthermore, "[g]ood faith is implicit in the spirit of the statutory scheme. If a plaintiff knows, or should know, that service according to [CPLR 308 (2)] will not afford notice, then, by definition, it is not reasonably calculated to afford notice, and is constitutionally infirm" (Chemical Bank, 122 Misc 2d at 107 [emphasis added]).
Here, there is no evidence in the record to support a determination that plaintiff was aware, or should have been aware, of any alleged conflict between Shane and the parent defendants. We cannot conclude that Shane had a conflict of interest with the parent defendants and, therefore, was not a person of suitable age and discretion, merely because he is a codefendant (see e.g. Xiao Hong Wang v Che Kei Li, 169 AD3d 593, 594 [1st Dept 2019]; Houss v Dachowitz, 255 AD2d 491, 492 [2d Dept 1998]). Moreover, on the record before us, we note that this is not a case where plaintiff can be charged with any knowledge that service upon Shane with respect to his parents might be deficient (cf. Home Props., L.P., Westwood Vil. Apts., 24 Misc 3d at 393-394; Bakht, 18 Misc 3d at 79-80; Chemical Bank, 122 Misc 2d at 111). Thus, based on the evidence adduced at the traverse hearing, we conclude that plaintiff established that Shane was a person of suitable age and discretion for purposes of serving his parents (see generally Green 333 Corp. v RNL Life Science, Inc., 191 AD3d 506, 506 [1st Dept 2021]; Hallston Manor Farm, LLC, 60 AD3d at 1331).
Inasmuch as the parent defendants' remaining ground for seeking to vacate the default judgment against them, i.e., excusable default pursuant to CPLR 5015 (a) (1), is no longer moot and was not addressed by the court, we remit the matter to Supreme Court to determine that issue, following a hearing if necessary, on the condition that the third and fourth ordering paragraphs of the amended order shall remain in effect until further order of that court.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court