■ LLOYD HANDWERKER, Respondent, v SUSAN ENSLEY, Appellant. [690 NYS2d 54] —Order, Supreme Court, New York County (Emily Goodman, J.), entered May 12, 1998, as amended July 2, 1998, which enjoined defendant from commencing a proceeding in Civil Court for possession or co-occupancy of premises, unanimously reversed, on the law, without costs, the preliminary injunction vacated, and the proceeding dismissed, without prejudice to defendant's commencement of a summary holdover proceeding in Civil Court.

Ensley became the tenant of a loft art studio/apartment in the Soho district of Manhattan in 1984, and has spent an estimated $110,000 on its renovation. In 1993 she placed an ad for rental of the loft, at $1,750 per month, and Handwerker responded. The parties signed a two-year "ROOMMATE(S) STUDIO AND/OR LIVING AGREEMENT" (covering the period from February 1994 through January 1996), under which Handwerker would place a security deposit of $3,500 and pay a monthly rental of $450. This was followed by a nine-month agreement (through October 1996) and a seven-month agreement (through May 1997), both under similar terms. None of these agreements delineated which portions would be occupied by the respective parties. When Handwerker stopped paying rent upon expiration of the third such agreement, Ensley served a "NOTICE OF TERMINATION; NOTICE TO QUIT" in November 1997. Handwerker thereupon commenced the instant action in Supreme Court to enjoin any summary proceedings in Civil Court. In addition to "reformation and/or recession [*sic*] of the agreements", the complaint sought damages for harassment and $51,500 in rent overcharges, entitlement to the larger por-

tion of the premises, and a declaration that *Ensley's* tenancy was illusory.

The "agreements" referred to in the complaint also included a series of "art agreements" dated January 5, 1994, January 5, 1996 and October 2, 1996 (roughly corresponding to the dates of the roommate agreements), whereby Handwerker was to have purchased from Ensley the rights to certain photographic negatives at $3,900 per quarter over the first three years, followed by quarterly payments of $4,500, $4,500 and $1,500. Handwerker alleges that these art agreements must be read in conjunction with the roommate agreements, as part of a fraudulent scheme to extract illegally exorbitant rent from him. He also alleges that the portion of the premises that was to be occupied by himself and his girlfriend was exclusive of Ensley's access. Ensley bitterly disputes this, asserting that such a reading would deprive her of access to such necessary portions of the premises as the kitchen, bathing facilities, and a proper means of egress.

Even though the rental contracts were styled as "roommate" agreements, the parties essentially stood in a landlord-tenant relationship. The time-honored rule is that, absent extraordinary circumstances, claims involving rent due should be the subject of summary proceedings in Civil Court (*East 41st St. Assocs. v 18 E. 42nd St.*, 248 AD2d 112, 114; *Cox v J.D. Realty Assocs.*, 217 AD2d 179). The Supreme Court should not be used as a tool to stay such proceedings unless the Civil Court is clearly without jurisdiction (*Scheff v 230 E. 73rd Owners Corp.*, 203 AD2d 151).

There is no cause of action for rent profiteering with respect to a roommate (*520 E. 81st St. Assocs. v Roughton-Hester*, 157 AD2d 199). Handwerker did not raise this claim until nearly four years after entering into his contractual "roommate" relationship with Ensley, at a specified monthly rent. Throughout this relationship, there was never any mention, in the "roommate" agreements, of a connection with the contemporaneous "art" agreements. Whatever monetary claims Handwerker has may be interposed as defenses and counterclaims in the summary proceeding (CCA 208). His effort to reform or rescind the art agreements is no basis for a preliminary injunction prospectively ousting the Civil Court of jurisdiction (*Kanter v East 62nd St. Assocs.*, 111 AD2d 26). Concur—Ellerin, P. J., Sullivan, Wallach and Rubin, JJ.