*217 OPINION OF THE COURT
Per Curiam.
Order and final judgment entered July 25, 1997 reversed without costs, and a final judgment of possession is granted in favor of landlord on the holdover petition.
Contrary to the finding of Civil Court, respondent is not entitled to succession rights to the premises formerly occupied by his mother under New York City’s Tenant Interim Lease (TIL) program. Respondent’s mother, the tenant, ceased to occupy the apartment prior to institution of the instant holdover proceeding, and defaulted in appearing at trial. The building has since been converted to cooperative status during the pendency of this appeal. The applicable regulations governing premises subject to the TIL program, under the aegis of the Department of Housing Preservation and Development’s (HPD) Division of Alternate Management Programs, do not contain any provision for succession by a family member to the tenancy (see, 28 RCNY 21-21 et seq.), and there is no record evidence of any lease, cooperative charter provision or cooperative bylaw setting forth grounds for a family member, in this case an adult son, to succeed to proprietary ownership after conversion of TIL premises to cooperative status.
Since the applicable TIL regulations are silent on the issue of succession, we may not rectify any perceived omission of such a provision by providing one by implication (Pajak v Pajak, 56 NY2d 394, 397-398). Particularly is this so since the City has adopted succession regulations for family members of tenants in other types of buildings under the supervision of HPD’s Division of Property Management (28 RCNY 24-01 et seq.).
Braschi v Stahl Assocs. Co. (74 NY2d 201) is inapplicable because the New York City Rent and Eviction Regulations with which that case was concerned do provide for succession to a regulated tenancy by family members; the question there presented was whether unmarried life partners could be considered as such family members. By contrast, TIL premises are exempt from regulation under the Rent Stabilization Law (512 E. 11th St. HDFC v Grimmet, 181 AD2d 488), and it was therefore error for the trial court to apply the succession criteria of the Rent Stabilization Code to this case.
We additionally note that respondent was not listed by his mother as an authorized occupant of the apartment during her tenure there, that respondent admittedly had no key of his *218 own to the premises, and that his mother neither appeared nor testified at the trial.
Parness, P. J., McCooe and Freedman, JJ., concur.