OPINION OF THE COURT
Per Curiam.
Order dated November 21, 2002 affirmed, with $10 costs.
Appeal from order dated June 28, 2002 dismissed, without costs, as academic.
Landlord sought possession of the subject four-bedroom rent-controlled apartment on the ground that the tenant engaged in profiteering by collecting rent from two roommates in the aggregate sum of $1,270, in excess of the legal regulated rent of $1,192. On the undisputed record evidence, including tenant’s previous deposition supplied by landlord, Civil Court correctly decided that a cause of action for eviction could not be proven. As landlord concedes, there is no provision in the rent control regulations equivalent to Rent Stabilization Code (9 NYCRR) § 2525.7, which prohibits charging a roommate a disproportionate share of the legal rent. Nor, more critically, do the regulations provide for eviction proceedings without a certificate on this ground (see NY City Rent and Eviction Regulations [9 NYCRR] § 2204.2). Division of Housing and Community Renewal’s omission from the rent control regulations of a requirement for proportionate rental contributions among roommates cannot be disregarded as mere oversight (see Sullivan v Brevard Assoc., 66 NY2d 489, 493-494 [1985]), particularly since the addition of section 2525.7 to the code on or about December 20, 2000 was part of a comprehensive revision of the four rent codes promulgated by the agency. “[W]e may not rectify any perceived omission of such a provision by providing one by implication” (518 W. 134th St. Tenants Assn. v Calderon, 181 Misc 2d 216, 217 [1999]; see Pajak v Pajak, 56 NY2d 394, 397-398 [1982]).
While the remedy of termination of a tenancy has been recognized where profiteering tenants sublease apartments covered under rent control (see BLF Realty Holding Corp. v Kasher, 299 AD2d 87, 91 [2002], citing Hurst v Miske, 133 Misc 2d 362 [1986]), tenant’s actions here partake of apartment sharing arrangements. The restrictions against profiteering in sublet situations have traditionally not been applied to living arrange *79 ments involving roommates (see 520 E. 81st St. Assoc. v Roughton-Hester, 157 AD2d 199, 203 [1990]). Indeed, until enactment of section 2525.7 of the code, it was the firm rule in this Department that “[t]here is no cause of action for rent profiteering with respect to a roommate” (Handwerker v Ensley, 261 AD2d 190, 191 [1999]). In light of this history, if the charging of a disproportionate rental amount in these circumstances is to furnish the basis for an eviction, the governing regulations should affirmatively so state.
To the extent landlord relies upon BLF Holding v Kasher (supra) as authority for this proceeding, that case is both legally and factually distinguishable in that it addresses the interplay between the Loft Law and the Rent Stabilization Law, and concerned a tenant who subdivided and sublet his loft space.
Finally, even assuming that the remedy of eviction is available in this case, we would hold that tenant’s conduct did not rise to the level of an incurable violation warranting forfeiture of the tenancy (cf. Continental Towers v Freuman, 128 Misc 2d 680 [1985]).
Davis, J.E, Gangel-Jacob and Schoenfeld, JJ., concur.