OPINION OF THE COURT
Barbara R. Kapnick, J.
In this action, plaintiff Leonori Associates, the owner of apartment 4F in the building located at 26 East 63rd Street, claims that defendant Yvonne Sultan, the tenant of the apartment, *239 charged her roommate, Beverly Cole, $1,400 per month in rent even though the entire legal regulated rent for the apartment was only $1,262.90. Plaintiff further claims that defendant has a history of rent gouging other roommates, and has operated the apartment as a “bed and breakfast.*
As a result, plaintiff is seeking a judgment: (i) declaring that the apartment is no longer subject to rent control and that defendant is no longer protected by the rent control laws on the grounds that defendant’s activities constitute an explicit violation of said laws (first cause of action); (ii) granting an order of ejectment (second cause of action); (iii) permanently enjoining and restraining defendant from leasing or subleasing the apartment to roommates, occupants and/or subtenants for the duration of her tenancy (third cause of action); (iv) compelling defendant to turn over to plaintiff all monthly use and occupancy she has already received from her roommates, occupants and/or subtenants, and granting plaintiff a judgment for damages in an amount to be determined at trial (fourth cause of action); and (v) granting plaintiff damages for fraud (fifth cause of action).
Defendant denies plaintiff’s claims and moves for summary judgment dismissing the complaint based upon a recent decision of the Appellate Term, First Department, which held that “there is no provision in the rent control regulations equivalent to Rent Stabilization Code (9 NYCRR) § 2525.7, which prohibits charging a roommate a disproportionate share of the legal rent,” and that there is no regulation which provides “for eviction proceedings without a certificate on this ground (see NY City Rent and Eviction Regulations [9 NYCRR] § 2204.2).” (270 Riverside Dr., Inc. v Braun, 4 Misc 3d 77, 78 [App Term, 1st Dept 2004].)
The Appellate Term further found that:
“Division of Housing and Community Renewal’s omission from the rent control regulations of a requirement for proportionate rental contributions among roommates cannot be disregarded as mere oversight (see Sullivan v Brevard Assoc., 66 NY2d 489, 493-494 [1985]), particularly since the addition of section 2525.7 to the code on or about December *240 20, 2000 was part of a comprehensive revision of the four rent codes promulgated by the agency. ‘[W]e may not rectify any perceived omission of such a provision by providing one by implication’ (518 W. 134th St. Tenants Assn. v Calderon, 181 Misc 2d 216, 217 [1999]; see Pajak v Pajak, 56 NY2d 394, 397-398 [1982]).” (Id.)
Plaintiff argues that the decision of the Appellate Term is inconsistent with a prior decision of the Appellate Division, First Department, in BLF Realty Holding Corp. v Kasher (299 AD2d 87 [1st Dept 2002]), in which the Court noted that although no provision exists in the rent control laws entitling the landlord to commence an eviction proceeding for profiteering, “courts have extended the rule that profiteering tenants who sublease their apartments forfeit their rights and are subject to eviction as tenants of rent-controlled apartments.” (Supra at 91.)
However, the Appellate Term noted that “[t]he restrictions against profiteering in sublet situations have traditionally not been applied to living arrangements involving roommates (see 520 E. 81st St. Assoc. v Roughton-Hester, 157 AD2d 199, 203 [1990]).” (270 Riverside Dr., Inc. v Braun, supra at 78-79.)
Moreover, the Appellate Term specifically found that the Appellate Division’s decision in BLF Realty Holding Corp. v Kasher (supra) “is both legally and factually distinguishable in that it addresses the interplay between the Loft Law and the Rent Stabilization Law, and concerned a tenant who subdivided and sublet his loft space.” (270 Riverside Dr., Inc. v Braun, supra at 79.)
The instant case does not merely involve a tenant who is accused of charging a roommate a disproportionate share of the rent, but a tenant who allegedly charged her roommate an amount in excess of the entire legal rent. Thus, while defendant may not be evicted or ejected under the circumstances alleged herein, plaintiff may still seek injunctive relief enjoining defendant from profiteering and damages resulting from that purported conduct.
Accordingly, based on the papers submitted and the oral argument held on the record on January 26, 2005, defendant’s motion is granted only to the extent of dismissing the first and second causes of action which seek a declaration that defendant *241 is no longer protected by the rent control laws and an order of ejectment, respectively.
The third, fourth and fifth causes of action are severed and continued.

 Plaintiff alleges in its papers that the building staff noticed that there were many individuals who appeared to be traveling from foreign countries who, on a continual basis, would stay for a few days or weeks in the apartment.