Makiko Ishida, Appellant, v Roman Markowicz, Respondent. [795 NYS2d 258]—

In an action to recover a rent overcharge, the plaintiff appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated October 21, 2002, which denied her motion for summary judgment.

Ordered that the order is affirmed, with costs.

The parties entered into an agreement in January 1999 pursuant to which the defendant, the leaseholder of the subject rent-controlled apartment, allowed the plaintiff to occupy one of two bedrooms in the apartment with access to the kitchen, bathroom, and a common area. After residing in the apartment for more than two years, the plaintiff learned that the monthly rent she paid exceeded the legal monthly rent for the entire apartment. She consequently commenced this action to recover a rent overcharge.

While profiteering under a sublease is illegal (*see 520 E. 81st St. Assoc. v Roughton-Hester*, 157 AD2d 199 [1990]), there exists no provision in the rent control regulations equivalent to Rent Stabilization Code (9 NYCRR) § 2525.7, which prohibits charging a roommate a disproportionate share of the legal rent (*see 270 Riverside Dr., Inc. v Braun*, 4 Misc 3d 77 [2004]). Since the record presents a triable issue of fact as to whether the relationship between the plaintiff and defendant was that of roommates or of tenant and subtenant, the Supreme Court properly denied the plaintiff's motion for summary judgment. Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.