OPINION OF THE COURT
Per Curiam.
Order, entered May 26, 2005, reversed, without costs, landlords’ motion denied and matter remanded for further proceedings.
This summary eviction proceeding, premised upon allegations that tenant overcharged a roommate (respondent Sheppard) in violation of Rent Stabilization Code (9 NYCRR) § 2525.7, is not ripe for summary disposition. Even assuming for purposes of this appeal that the relationship between the tenant and Sheppard was that of roommates even though designated as that of tenant and subtenant in their March 2000 written agreement (compare Ishida v Markowicz, 18 AD3d 502 [2005]), the record so far developed raises triable issues as to the extent, chronology and duration of any claimed overcharges. The landlords’ moving submission relied heavily upon respondent Sheppard’s equivocal deposition testimony, which left unanswered séveral key questions concerning the dates and amounts of his cash rental payments to the tenant, and was insufficient to meet the landlords’ burden to establish the absence of material issues of fact. We thus need not consider whether the tenant’s professed mental infirmities provided an adequate excuse for his failure to lay bare his proof in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In the posture of this case, and given the unsatisfactory and incomplete state of the record, the proper forum is a trial, not a motion for summary judgment.
Nor may we consider on this appeal whether the tenant is entitled to summary judgment dismissing the petition, since the tenant neither formally moved for summary judgment in Civil Court nor now requests that we search the record and grant such drastic relief on appeal (see Gibson v American Export Isbrandtsen Lines, 125 AD2d 65, 72 [1987]).